HARTMAN *v.* VILLAGE OF ST. CLAIR SHORES.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—VOLUNTEER FIREMAN PAID FOR EACH FIRE ATTENDED NOT ENTITLED TO COMPENSATION.

A volunteer fireman, paid by a village $2 for each fire he attended provided he was one of the first six to respond, who was injured while answering a fire call, is not entitled to compensation under the workmen's compensation act based upon the pay received by him on the day of his injury, since he was not employed by the day, week, or month, his employment and pay were uncertain, and he had no daily or weekly wage, within the meaning of the statute, upon which compensation could be computed; ''daily,'' as used in the statute, meaning more than one day, and meaning ''day after day,'' ''day by day.''

Certiorari to Department of Labor and Industry. Submitted April 2, 1929. (Docket No. 3, Calendar No. 34,052.) Decided June 3, 1929.

John Hartman presented his claim for compensation against the village of St. Clair Shores for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the New York Indemnity Company, insurer, bring certiorari. Reversed.

*John P. MacKay* (*Wallace T. Olson*, of counsel), for defendant.

McDONALD, J. The defendant reviews by certiorari an order of the department of labor and industry awarding compensation to the plaintiff for injuries arising out of and in the course of his employment.

The plaintiff was employed by the defendant as a volunteer fireman. His compensation was $2 for each fire call that he answered provided he was one of the first six to respond. On October 31, 1927, he answered six calls. On the last call he was injured and was totally disabled until February 5, 1928. A report of injury was made. On November 28, 1927, an agreement for compensation was entered into by the parties and filed with the department. Approval was refused, but defendant paid compensation according to its terms until February 5, 1928. On January 24, 1928, the department on its own motion ordered a hearing on the claim. The hearing was had in April, 1928, before a deputy commissioner, who awarded the plaintiff $18 a week during disability, and credited the defendant with the amount it had already paid. On appeal to the board, this award was affirmed.

We pass all questions involved save one, and that is whether at the time of his injuries the plaintiff was receiving a daily wage within the meaning of the statute.

Under the provisions of the statute, the daily wage of an employee at the time of the accidental injury is made the basis for determining his compensation. He is entitled to 66⅔ per cent. of his average weekly wage, and the average weekly wage is defined to be six times the daily wage. In awarding compensation in this case, the board found that the plaintiff's daily wage was $5. It based this finding on the fact that he received $5 for his services on the day of the accident.

The plaintiff was a carpenter and was daily engaged at such work throughout the village of St. Clair Shores. At the same time he was employed by the village as a volunteer fireman, that is, he was on

the fire department's roll as such. The village had no regular firemen working for daily or weekly pay. A volunteer fireman received $2 for each fire call if he was one of the first six to respond. The plaintiff was injured on Hallowe'en night, October 31, 1927. He had answered six fire calls and was paid $5 for his services. From these facts the board found that his daily wage was $5. We think the board was wrong. The undisputed facts afford no basis for determining a daily wage. The word "daily" implies more than one day. "Daily," in the sense that it is used in the statute, means day after day, day by day. The plaintiff did not work daily for the defendant. He was not paid for time. He was paid by the job. He was paid so much for a fire, and, if he did not report on time, he got nothing. On the day of the accident, he just happened to be paid $5 because there happened to be six fires that night. According to the board's method of computing his daily wage, if he had been injured on the first call, his daily wage would have been $2. If he had been the seventh man to arrive, his daily wage would have been zero. If the boys of the village had not celebrated Hallowe'en that night, there probably would have been no fire, and he would have received nothing. The fact is that he was not employed by the day or week or month. His employment and his pay were uncertain. The pay did not depend on the time he worked. He had no daily wage. There are no facts to support the finding of the board.

The award is reversed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.