CAROTHERS *v.* CITY OF STANTON.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CHIEF OF
    VOLUNTEER FIRE DEPARTMENT.

Chief of city volunteer fire department, who was paid salary of
$25 per year, was employee of city, and therefore was properly
awarded minimum sum as compensation provided by work-
men's compensation act (2 Comp. Laws 1929, § 8425) for in-
juries received at fire.

Appeal from Department of Labor and Industry.
Submitted January 8, 1932. (Docket No. 84, Cal-
endar No. 35,856.) Decided March 2, 1932.

Charles H. Carothers presented his claim against
City of Stanton, employer, and American Em-
ployers Insurance Corporation, insurer, for com-
pensation for an accidental injury sustained while
employed as a fireman. Award to plaintiff affirmed.

*Frank A. Miller,* for plaintiff.

*Mason, Alexander, McCaslin, Cholette & Mitts,*
for defendants.

WIEST, J. Plaintiff was employed by the city of
Stanton, as chief of its volunteer fire department,
at a salary of $25 a year, and, at a fire, he was se-
riously injured. The department of labor and in-
dustry held that plaintiff was an employee of the
city and awarded him the minimum of compensa-
tion, provided by 2 Comp. Laws 1929, § 8425.

On public officers or employees as within the workmen's compensa-
tion act, see annotation in L. R. A. 1917D, 146.

Upon appeal, defendants contend that such holding is contrary to our opinion in *Hartman* v. *Village of St. Clair Shores,* 246 Mich. 603.

In that case a volunteer fireman was paid $2 for each fire he attended, provided he was one of the first six to respond. The day the claimant in that case was injured he attended six fires and was paid $5. The record of the case discloses that an agreement to pay him $7 per week (the statutory minimum) was disapproved by the department and an allowance was made based upon a daily wage of $5. Such an allowance was clearly erroneous and we set it aside.

In the case at bar there was no allowance based upon a daily wage, but an allowance of the minimum sum set by the statute, to be accorded in all instances where the daily wage does not admit of a higher sum.

Plaintiff's duties, as chief of the fire department, took but little of his time, and he carried on an independent business and performed other services for the city. This, and the fact that his yearly compensation as chief of the fire department was small and was not exacted promptly and sometimes credited to his water rate bill, did not at all change his relation as an employee of the city for hire.

The award is affirmed, with costs to plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. MCDONALD, J., did not sit.