## LAIDLAW *v.* CITY OF LUDINGTON.

1. Workmen's Compensation—City Fireman—Volunteer—Compensation.

   Member of city fire department who received $33 per quarter as a call member of the department, in whose residence an alarm was installed, and who was obligated to serve at all fires *held,* an employee of city for hire, at a wage capable of weekly computation and entitled to minimum compensation, as provided for by 2 Comp. Laws 1929, § 8425, and not a member of a volunteer fire department within provision of 2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931, so as to be entitled to maximum, his status not being changed by fact that although he was subject to duty on call, he had private employment at other times.

2. Same—Fire Department—Municipal Corporations.

   Fire department maintained by city with one full time fireman there days and another there nights and 25 others enrolled, placed upon salaries and required to respond to alarms of fires *held,* not a volunteer fire department so as to entitle members to maximum compensation in case of injury as provided by 2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931.

3. Statutes—Implied Repeals.

   Repeals by implication are not favored.

Appeal from Department of Labor and Industry. Submitted April 10, 1935. (Docket No. 75, Calendar No. 38,226.) Decided May 17, 1935.

David W. Laidlaw presented his claim against City of Ludington, employer, for compensation for an accidental injury sustained while employed as fireman. Award to plaintiff. Defendant appeals. Reversed and remanded.

*Seymour H. Person,* for plaintiff.

*Peter R. Von Sprecken (Campbell & Campbell,* of counsel), for defendant.

WIEST, J. The city of Ludington maintains a fire department. November 6, 1933, plaintiff was, and for 40 years had been, a member of the city fire department, serving upon all alarms of fires, and was on that day, and for some time previous thereto, on the city payroll, at $33 per quarter for his services.

While serving at a fire on that day he was injured, applied for compensation for total disability under Act No. 58, Pub. Acts 1931, and was awarded $18 per week. Review, in the nature of certiorari, is prosecuted by the city.

The mentioned act carries the following provision:

"That members of a volunteer fire department of any city, village or township shall be deemed to be employees of such city, village or township, and entitled to all the benefits of this act when injured in the performance of their duties as members of such volunteer fire department: *Provided further,* That said volunteer firemen shall, for the purpose of this act, be deemed and assumed to be receiving the

sum of twenty-seven dollars per week as wages from said village, city or township.''

The department of labor and industry held that plaintiff was a member of a volunteer fire department and a volunteer fireman within the quoted provisions of the act.

Defendant contends that plaintiff was an enrolled and regularly paid member of the city fire department and not a volunteer fireman, and his compensation for disability, by reason of his fixed salary, is, under 2 Comp. Laws 1929, § 8425, and the minimum there provided, seven dollars per week for total disability. *Carothers* v. *City of Stanton,* 257 Mich. 107.

It is claimed, in behalf of the city, that it operates under a home rule charter, adopted in 1916, which provides for the establishment and maintenance of a municipal fire department. The record does not contain any of the charter provisions but does contain an ordinance of the city, adopted in 1893, relative to organization and government of the city fire department. That ordinance provided:

''That the fire department of the city shall consist of one chief engineer, one assistant engineer, and such number hose, hook and ladder or other apparatus companies as the common council shall from time to time deem expedient, each of said companies to consist of not to exceed 15 men.

''Each company may determine its own organization and government, subject to the approval of the common council.

''The chief and assistant engineer of the fire department * * * together with the officers of all companies shall each take and file with the city recorder the oath of office prescribed by the Constitution of this State. * * *

"The compensation of the officers and members of the fire department shall be set at the same time, in the same manner, and under the same restrictions as that of other city officers."

Plaintiff's connection with the fire department commenced about the time this ordinance was adopted. He was placed on the city pay roll and, at the time of injury, was receiving $33 per quarter as a call member of the department. An alarm was installed in his residence and he was obligated to serve at all fires. He was, to such extent, an employee of the city for hire, at a wage capable of weekly computation, as provided for by 2 Comp. Laws 1929, § 8425. The fact that he was subject to duty on call, and had private employment at other times, did not change his status from that of an enrolled and salaried member of the established municipal fire department to that of a volunteer fireman.

The city maintained a fire hall, with a full time fireman there days, and another there nights, and 25 others enrolled, placed upon salaries and required to respond to alarms of fires. The city did not maintain a volunteer fire department. All full time firemen are volunteers in the sense that none are drafted, for all serve under personal election and voluntarily. The fire department is a branch of the city government, maintained at public expense and all the firemen are on the city pay roll.

The act of 1931 does not define the term "volunteer fire department." It may be that the act was passed to meet our holding in *Hartman* v. *Village of St. Clair Shores,* 246 Mich. 603. Be that as it may, as pointed out in *Carothers* v. *City of Stanton, supra,* the act does not fit the case at bar. In that case the injured fireman was paid $25 per year by

the city, and we held his compensation was the minimum fixed by 2 Comp. Laws 1929, § 8425, or $7 per week in case of total disability.

The mentioned act of 1931 was an amendment to 2 Comp. Laws 1929, § 8413, defining employees under the compensation law, and did not purport to amend or repeal section 8425 of the statute. Repeals, by implication, are not favored and, under our two mentioned holdings, both the act of 1931, and 2 Comp. Laws 1929, § 8425, may serve in full and without conflict

In the two cases mentioned we employed the terms "volunteer fireman" and "volunteer fire department." No definition was required in those cases and we made none.

We now have the question of whether plaintiff was a "member of a volunteer fire department" before us and, for the reasons stated, we hold he was not.

The award is vacated and the case remanded to the department of labor and industry for entry of compensation under 2 Comp. Laws 1929, § 8425. Defendant will recover costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.