BUEHLER *v.* UNIVERSITY OF MICHIGAN.

1. WORKMEN'S COMPENSATION—POLICY.
    Courts have nothing to do with the policy of the workmen's compensation act, such being a matter for the legislature (2 Comp. Laws 1929, § 8407 *et seq.*).

2. SAME—PART TIME EMPLOYMENT FOR TWO EMPLOYERS—COMPUTATION OF COMPENSATION.
    Defendant employer of plaintiff who also worked for another employer *held,* not liable for compensation computed on the basis of what plaintiff earned when not employed by defendant nor is defendant's insurer liable for compensation based upon earnings by plaintiff while not on payroll of insured, where the two employments were not at any particular time for the benefit of both employers concerned (2 Comp. Laws 1929, § 8427).

Appeal from Department of Labor and Industry. Submitted April 15, 1936. (Docket No. 99, Calendar No. 38,826.) Decided December 8, 1936.

Bertha Buehler presented her claim against University of Michigan, employer, and Michigan Mutual Liability Company, insurer, for compensation for accidental injuries received while in defendant's employ. Award to plaintiff. Defendants appeal. Reversed and remanded.

*Harold D. Golds,* for plaintiff.

*L. J. Carey* and *George J. Cooper,* for defendants.

POTTER, J. Plaintiff, employed at common labor at Martha Cook building, University house, and Alpha Gamma Delta sorority house, all in Ann Arbor, injured her hand while working at the Martha Cook building October 16, 1934.

The first two buildings are operated by the university. The third is not so operated but is separate therefrom. Plaintiff earned at the Martha Cook building $6.30 a week; at University house, $2.85 a week; at Alpha Gamma Delta sorority house, $9 a week—a total of $18.15. At the time of the hearing, plaintiff was earning at the Martha Cook building $6.30 a week; at the University building, $2.85; and at the Alpha Gamma Delta sorority house $4 a week —a falling off in wages of $5 a week, 66-2/3 per cent. of which is $3.33-1/3 a week which was the amount of the award made by the department of labor and industry.

Defendants appeal claiming the award is based upon earnings in which the university is not interested; that earnings, remuneration or income received by plaintiff from others than the insured em-

ployer were added to the wages received from the insured employer in computing the average weekly wages of plaintiff. Appellants say this should not be done because the statute, 2 Comp. Laws 1929, § 8427, provides compensation "shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident;" that this provision as construed in *Andrejwski* v. *Wolverine Coal Co.,* 182 Mich. 298 (Ann. Cas. 1916 D, 724, 6 N. C. C. A. 807); *Hirschkorn* v. *Fiege Desk Co.,* 184 Mich. 239; *Hartman* v. *Village of St. Clair Shores,* 246 Mich. 603; *Gallup* v. *Western Board & Paper Co.,* 252 Mich. 68; *Carothers* v. *City of Stanton,* 257 Mich. 107; *Laidlaw* v. *City of Ludington,* 272 Mich. 11, and other cases, limits plaintiff to recovering against the university and its insurer compensation based upon her wages earned while employed by the university. Defendants insist to hold otherwise would be to render the operation of the workmen's compensation act uncertain, deprive insurers of the ability to compute premiums on the basis of the wages of the employee, subject employers and insurers to liability which they had not contracted against and which they could not anticipate, and is contrary to the spirit of the statute.

Plaintiff, on the other hand, contends her earnings must be based upon what she earned, on her capacity to earn, or what she might earn in all the various pursuits in which she was engaged at the time the accident occurred; that applied to this case, plaintiff's earnings before the accident were $18.15 and after the accident $13.15 a week—a difference of $5, 66-2/3 per cent. of which is $3.33-1/3, the amount correctly awarded to her by the department of labor and industry, and she relies upon *Miller* v. *S. Fair & Sons,* 206 Mich. 360; *Foley* v. *Detroit United Rail-*

*way,* 190 Mich. 507; *Sargent* v. *A. B. Knowlson Co.,* 224 Mich. 686 (30 A. L. R. 993).

There is a distinction in fact between the cases which defendants rely upon and those upon which plaintiff relies. Typical of the cases upon which appellants rely are the cases of part-time firemen paid upon a weekly basis a certain amount, though engaged in and receiving pay in other employment, in which cases it has been uniformly held the party injured was entitled to become compensated upon the basis of the amount received from the particular source of employment as fireman. Typical of the cases relied upon by plaintiff is the night-watchman case *Sargent* v. *A. B. Knowlson Co., supra,* where a watchman was employed to watch several buildings, but where it was held plaintiff's employment was not several as to each person employing his services and the services performed at any particular time were for the benefit of all persons employing him.

We have nothing to do with the policy of the law.* That is a matter for the legislature. But, under the facts in this case, plaintiff was not employed by one of these employers for the benefit of the others. Her employment by each of her employers was separate and distinct from her employment by the others and, under the law, the university may not be held liable for compensation computed on the basis of what plaintiff earned when not employed by the university, and the insurer may not be held liable for compensation based upon earnings by the plaintiff while not on the payroll of the insured.

The award of the department of labor and industry is reversed and the case remanded.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred.

* See 2 Comp. Laws 1929, § 8407 *et seq.*—REPORTER.