LAHAY v HASTINGS LODGE NO. 1965 BPOE

1. WORKMEN'S COMPENSATION—COMPUTATION OF AVERAGE WAGE—
   PRESUMPTION—PART-TIME EMPLOYMENT.

   An injured employee who worked more than 25 hours per week
   at all of his jobs is presumed to work a 40-hour week for
   purposes of computation of his average weekly wage for work-
   men's compensation benefits.

2. WORKMEN'S COMPENSATION—COMPUTATION OF AWARD—TWO JOBS—
   CONTEMPORANEOUS JOBS.

   A statute requires compensation awards to be determined only
   with reference to the job at which an employee was injured,
   and to any job which he obtains to replace the job at which he
   was injured, not to separate, contemporaneous jobs, even where
   the employee held two jobs and his disability only affected his
   ability to earn at one of them (MCLA 418.371).

3. WORKMEN'S COMPENSATION—COMPUTATION OF AWARD—CONTEMPO-
   RANEOUS JOB—SEPARATE EARNINGS—INCREASE IN BENEFITS—
   DECREASE IN BENEFITS.

   Workmen's compensation benefits may not be increased by taking
   into account what an injured employee earned at a separate
   contemporaneous job, and, conversely, they may not be de-
   creased by taking that other job into account.

4. WORKMEN'S COMPENSATION—STATUTES—CHANGES IN STATUTE—
   COMPENSATION STATUS—COMPUTATION OF AWARD—CONTEMPO-
   RANEOUS JOB—SEPARATE EARNINGS—SET-OFF.

   The changes in the statute prescribing the formula for computa-
   tion of workmen's compensation benefits for an employee who
   has more than one current employment relate only to the
   compensation status of the employee for purposes of payment,
   not to the actual computation of his award, and, therefore, the
   number of hours the employee works at other employment may
   be considered in determining the number of hours on which
   compensation is based, but the wages earned at that other

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 58 Am Jur, Workmen's Compensation § 308 *et seq.*

employment may not be considered in determining whether a set-off should be imposed (MCLA 418.371).

5. WORKMEN'S COMPENSATION—STATUTES—LEGISLATURE—COURTS—IN-CREASED EARNINGS—SUPREME COURT RULING—ACCURACY.

The Legislature's silence in the face of a Supreme Court ruling which interpreted the Workmen's Compensation Act to allow an employee to earn more while disabled than he earned before disablement must be construed as consent to the accuracy of the interpretation.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 January 14, 1975, at Grand Rapids. (Docket No. 19758.) Decided February 25, 1975. Leave to appeal granted, 394 Mich 809.

Claim by Richard Lahay against Hastings Lodge No. 1965 BPOE and St. Paul Insurance Company for compensation for injuries suffered on a part-time job. From a decision of the Workmen's Compensation Appeal Board affirming the hearing referee's determination that the injury was compensable but reducing his determination of the amount of compensation, the plaintiff appeals. Reversed and remanded.

*McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock, P. C.* (by *Seymour L. Muskovitz*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance M. Mather*), for defendants Hastings Lodge and St. Paul Insurance Company.

Before: ALLEN, P. J., and N. J. KAUFMAN and O'HARA,* JJ.

N. J. KAUFMAN, J. This is an appeal by plaintiff

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Richard Lahay from a decision of the Workmen's Compensation Appeal Board which reduced the amount of compensation awarded by the referee. Plaintiff requests this Court to reinstate the referee's award.

At the time he was injured, plaintiff held a full-time job as a claims examiner and a part-time job as a bartender for defendant Hastings Lodge. He was injured at his part-time job with defendant. His injury disabled him from his part-time job but did not significantly interfere with his full-time employment. Prior to his injury, plaintiff was paid $213.46 per week at his full-time job and $32.50 per week, based on 13 hours at $2.50 per hour, plus two meals, at his part-time job. Following his injury, plaintiff was compensated by defendant $32.50 per week for his inability to work as a bartender. A dispute arose as to whether $32.50 was the correct rate of compensation, and a Rule V hearing was held before a referee.

The referee determined that plaintiff was totally disabled from his part-time job, as a result of his injury, from February 13, 1971 to June 9, 1971, and partially disabled thereafter. The referee also found that the amount of compensation, $32.50 per week, was incorrect. Using the formula set forth in the Workmen's Compensation Act, the referee determined the proper compensation to be $70 per week. That figure represented a percentage of plaintiff's "average weekly wage", which the referee found to be $105.

Defendant appealed this determination to the Workmen's Compensation Appeal Board. The appeal board agreed with the referee's finding as to the extent of plaintiff's disability, but, by a three-to-two vote, reversed the referee's determination on compensation. It read the Workmen's Compen-

sation Act formula to set compensation at $32.50 per week.

The sole issue on appeal is whether the appeal board correctly applied the statutory formula for setting compensation. The statute which prescribes the formula is MCLA 418.371; MSA 17.237(371) which provides in relevant part:

"(1) The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the injury, the same to be fixed as of the time of the injury, but to be determined in view of the nature and extent of the injury. *The compensation payable, when added to his wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury.*

"(2) Average weekly wage means the weekly wage earned by the employee at the time of his injury, inclusive of overtime, premium pay, and cost of living adjustment, and exclusive of any fringe or other benefits which continue during disability, *but in no case less than 40 times his hourly rate of wage or earning.* When it is found that the established normal work week for the employee's classification of employment in the establishment of the employer where the employee suffered a personal injury is less than 40 hours, then the average weekly wage shall be established by multiplying the employee's hourly rate or earning by the number of hours customarily worked in the employee's classification or employment in that place of employment or his actual earned wages, whichever is greater.

"(3) When a hearing referee finds that the employee was employed specifically and not temporarily on a part-time basis, the average weekly wage shall be determined by multiplying the hourly rate or earning by the average number of hours worked in the part-time em-

ployment. *When it is found that the employee has worked an average of 25 hours or more per week in all of his current employments, he shall not be considered a part-time employee.* \* \* \* " (Emphasis supplied.)

Subsections (2) and (3), read together, require that when a specifically employed part-time employee, who works more than 25 hours in "all of his current employments" is disabled, his compensation benefits are computed as if he worked a 40-hour week at the job from which he was disabled. In the instant case, the referee held that plaintiff's two jobs totaled more than 25 hours. The referee thus computed plaintiff's average weekly wage as 40 hours at $2.50 per hour plus meals or $105. Compensation was then computed on a percentage based on the extent of plaintiff's disability.

The appeal board majority agreed with the referee's computation but argued that the law prevents plaintiff from receiving more compensation as a result of being disabled then he earned prior to his disability. Before his injury, plaintiff received $245.96 per week ($213.46 full-time plus $32.50 part-time). After his injury, he received $283.46 ($213.46 full-time plus $70 compensation for part-time disability). This result, the majority argued, was barred by subsection (1) of MCLA 418.371; MSA 17.237(371), *supra.* The majority specifically cited the part of subsection (1) which requires:

"The compensation payable, when added to his wage-earning capacity after the injury in the same *or other employment,* shall not exceed his average weekly earnings at the time of such injury." (Emphasis supplied.)

The majority read the words "other employment" to apply to plaintiff's full-time job and set

off his full-time salary against the referee's award. It, thus, reduced the amount of the award to limit plaintiff's total weekly compensation to the amount he had received before he was injured.

The crucial question here is whether the set-off provision of MCLA 418.371(1); MSA 17.237(371)(1) is applicable to a case in which an employee is wholly disabled in his part-time job, but not disabled in his primary job. This section will apply if "other employment" refers to plaintiff's full-time job. Plaintiff, as well as the appeal board minority, argues that "other employment" applies only to a job which replaces the job from which the employee was disabled, *Pulley v Detroit Eng & Machine Co,* 378 Mich 418; 145 NW2d 40 (1966), not to a full-time job held contemporaneously with the part-time job. Plaintiff cites the case of *Bowles v James Lumber Co,* 345 Mich 292; 75 NW2d 822 (1956) as controlling.

We agree with plaintiff and with the well-reasoned minority opinion of the appeal board. We find the facts in *Bowles, supra,* to be identical to those here and the holding of the Michigan Supreme Court decisive. *Bowles* also involved an employee who held a part-time job and a full-time job and who was injured at his part-time job. In *Bowles,* the part-time employer argued that it owed nothing to the employee because after his injury, his full-time job earnings exceeded his earnings from both jobs prior to his injury. The Court disagreed with the employer and noted that the statute requires compensation awards to be determined only with reference to the job at which the employee was injured, not to separate, contemporaneous jobs. It concluded that, inasmuch as compensation may not be *increased* by taking into account what the employee earned on another,

unrelated job, *Buehler v University of Michigan,* 277 Mich 648; 270 NW 171 (1936), it may not be *decreased* by taking that other job into account.

Defendant argues that amendments made to the statute, which we construe here, after the *Bowles* case vitiate the authority of the *Bowles* opinion. Prior to 1965 and 1969 amendments, which left MCLA 418.371; MSA 17.237(371) as quoted above, the statute read:

"(1) Weekly loss. The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the injury, the same to be fixed as of the time of the injury, but to be determined in view of the nature and extent of the injury. The compensation payable, when added to his wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury.

"(2) The term 'average weekly wage', as used in this act, is defined to be the weekly wage earned by the employe at the time of his injury but in no case less than 40 times his hourly rate of wage or earning." MCLA 412.11; MSA 17.161.[1]

A comparison of the pre- and post-amendment statutes shows that Section (1), which contains the set-off clause, was left unchanged, Section (2) expanded, and a Section (3) added. What was altered by the amendments was the "40 hour presumption". Prior to 1965, all employees were presumed to work a 40-hour week for purposes of determining their average weekly wage. The expanded

---

[1] This section was repealed by PA 1969, No. 317 § 898 and replaced by MCLA 418.371; MSA 17.237(371).

Section 2 and new Section 3 provided means for employers to show that the disabled employee actually worked less than 40 hours. Defendant and the appeal board majority point to the last sentence of Section 3 as authority for their claim that *Bowles* has been legislatively overruled. That sentence reads:

"When it is found that the employee has worked an average of 25 hours or more per week in all of his current employments, he shall not be considered a part-time employee."

They argue that since an employer may look to an employee's other employment to determine the number of hours on which compensation is based, he may also look at the wages earned in those other jobs to determine whether a set-off should be imposed.

We disagree. The amendments modified the "40 hour presumption", but did not change the basic working of the statute. Before the amendments, an employee was presumed to work 40 hours at the job from which he was disabled. After the amendments, only one who worked more than 25 hours at all his jobs was presumed to work a 40 hour week. This change relates only to the compensation status of the employee for purposes of payment, not to the actual computation of his award. Both before and after the amendments, however, the statute looks only to the job at which the employee was injured to determine the lost earnings for which he should be compensated. The amendments did not alter this "job-by-job" viewpoint.

While we share the concern of the controlling members of the appeal board that it is contrary to

the basic policy of the Workmen's Compensation Act to allow an employee to earn more while disabled than he earned before disablement, we note that this problem was squarely presented to the Legislature by the result in *Bowles.* The Legislature's silence in the face of *Bowles* must be construed as consent to the accuracy of the interpretation. *Magreta v Ambassador Steel Co,* 380 Mich 513, 520; 158 NW2d 473, 476 (1968).

The decision of the Workmen's Compensation Appeal Board is reversed and the matter remanded for entry of an order for compensation benefits in accordance with this decision. Costs to plaintiff.