FILION v ART HIMBAULT TRUCKING COMPANY

ROBBINS v RAY RIDGE CHEVROLET, INCORPORATED

Docket Nos. 47536, 48795. Submitted November 18, 1980, at Detroit.
—Decided February 4, 1981. Leave to appeal applied for.

Suzanne Filion, mother and legal guardian of Frederick R. Filion,
sought workers' compensation benefits for nursing care from
Art Himbault Trucking Company, the Michigan State Accident
Fund and Security Mutual Casualty Company and the Second
Injury Fund for the care she provided to Frederick. In a
separate claim James D. Robbins sought further workers' com-
pensation benefits for nursing care for the care provided to him
by his wife from Ray Ridge Chevrolet, Incorporated and the
Michigan State Accident Fund.

Frederick Filion, as a result of an industrial accident in 1960,
was rendered a mentally incompetent quadriplegic at 18 years
of age. Since 1968, Frederick has been cared for by his parents
in their home. The Worker's Compensation Appeal Board af-
firmed an award for nursing care benefits for the care given by
Suzanne Filion from the period beginning in 1968. Art Him-
bault Trucking Company and the Michigan State Accident
Fund appeal and contest the amount and retroactivity of the
award.

James Robbins was injured in an automobile accident that
occurred in the course of his employment with Ray Ridge
Chevrolet, Inc. As a result of the accident, Robbins is unable to
use his legs and has limited use of his arms and hands. The
Worker's Compensation Appeal Board affirmed an award of
additional compensation to pay for nursing services supplied to
him by his wife. Ray Ridge Chevrolet, Incorporated and the
Michigan State Accident Fund appeal and question the award

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 82 Am Jur 2d, Workmen's Compensation § 394.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 590, 605, 608.
[3] 81 Am Jur 2d, Workmen's Compensation § 33.
[5] 82 Am Jur 2d, Workmen's Compensation § 552.
[6] 81 Am Jur 2d, Workmen's Compensation § 89.

based on the one-year-back rule and because of certain voluntary payments made by them to Robbins.

These two cases were consolidated on appeal. *Held:*

1. The board did not err in refusing to apply the one-year-back limitation to awards for nursing services provided by a spouse or parent. The petitions were not petitions for further compensation under the one-year-back provision of the Worker's Disability Compensation Act.

2. The testimony of Suzanne Filion supports the board's finding that she is entitled to compensation based on a daily eight hour period of caring for Frederick Filion.

3. Because the board was given no basis upon which to compute a set-off, the board did not err in not setting off certain voluntary payments made by Ray Ridge Chevrolet, Incorporated and the Michigan State Accident Fund to James Robbins against the nursing care award. Therefore, the board did not err in not applying the law as it existed at the time of the claimants' injuries. The applicable law is that which exists at the time of hearing.

Affirmed.

1. WORKERS' COMPENSATION — MEDICAL SERVICES — STATUTES.

An employer must bear the cost of medical services, other attendance and treatment necessary for the care of an employee injured in the course of his employment even if the services are provided by the worker's spouse (MCL 418.315; MSA 17.237[315]).

2. WORKERS' COMPENSATION — ONE-YEAR-BACK RULE — STATUTES.

The one-year-back rule of the workers' compensation law provides that if payment of compensation is made other than for medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than one year prior to the date of filing of such application (MCL 418.833[1]; MSA 17.237[833][1]).

3. WORKERS' COMPENSATION — ADMINISTRATIVE LAW — STATUTORY CONSTRUCTION — APPEAL.

The Worker's Compensation Appeal Board's construction of the language of the Worker's Disability Compensation Act should be given deference since the construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons.

4. WORKERS' COMPENSATION — NURSING SERVICES — PARENTS —
   SPOUSES.

   An injured worker who petitions the Worker's Compensation
   Appeal Board for funds to pay for nursing services provided
   him by a spouse or parent is petitioning on behalf of the spouse
   or parent because the injured worker has no legally enforceable
   obligation to pay for those services.

5. WORKERS' COMPENSATION — FINDINGS OF FACT — APPEAL — STAT-
   UTES.

   Findings of fact made by the Worker's Compensation Appeal
   Board acting within its power are conclusive and binding upon
   a reviewing court when supported by competent evidence, in
   the absence of fraud (MCL 418.861; MSA 17.237[861]).

6. WORKERS' COMPENSATION — STATUTES — VESTED RIGHTS — REPEAL
   OR CHANGE.

   There can be no vested right in an existing law which precludes
   its change or repeal, and the Worker's Compensation Appeal
   Board should apply the law as it exists at the time it is hearing
   the claim and not as it existed at the time the claimant was
   injured.

*Kozlow, Woll, Crowley & Berman, P.C.* (by *Jules B. Olsman*), for plaintiff.

*Robert D. Thompson (Sommers, Schwartz, Silver & Schwartz, P.C.,* by *Richard D. Toth,* of counsel), for defendant.

Before: CYNAR, P.J., and R. B. BURNS and J. W. WARREN,* JJ.

R. B. BURNS, J. Before the Court are two cases which have been consolidated on appeal because each contains a challenge to the determination of the Workers' Compensation Appeal Board (the Board) that the one-year-back rule of the Worker's Disability Compensation Act (the Act) does not apply to an award of nursing care benefits.

Plaintiff Suzanne Filion and her husband are

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the parents of Frederick R. Filion, a worker who, as a result of an industrial accident, was rendered a mentally-incompetent quadriplegic at the age of 18 years. Frederick Filion was institutionalized from 1960 until 1968, when he was taken into the home of his parents. In 1975, plaintiff sought an award for nursing care benefits, and in 1976, plaintiff received such an award for the period beginning in 1968. Defendants, Art Himbault Trucking Company and the Michigan State Accident Fund, do not contest that the care the parents provide to their son constitutes nursing services; only the amount of the nursing care benefits awarded and the retroactivity of the award are in dispute.

Plaintiff James D. Robbins was injured in 1963, in an automobile accident that occurred in the course of his employment with defendant Ray Ridge Chevrolet, Incorporated. As a result of that accident, plaintiff is unable to use his legs and has but limited use of his arms and hands. He has been found to be totally and permanently disabled. In 1976, plaintiff received an award of additional compensation to pay for nursing services and attendance supplied to him by his wife. In addition to the question of whether the one-year-back rule should have been applied to this award, defendant employer and the Michigan State Accident Fund question the effect of certain voluntary payments made by defendants and the effect of changes which have occurred in § 315 of the Act.

In 1975, the Supreme Court held that pursuant to § 315 of the Act, MCL 418.315; MSA 17.237(315), an employer must bear the cost of medical services, other attendance and treatment necessary for the care of an employee injured in the course of his employment even if the services are pro-

vided by the worker's spouse. *Kushay v Sexton Dairy Co,* 394 Mich 69; 228 NW2d 205 (1975). The Court based its holding on a finding that the language of the statute "focuses on the nature of the service provided, not the status or devotion of the provider of the service".[1] *Kushay, supra,* 74. Because the issue was not preserved for appeal in *Kushay,* the Supreme Court did not answer the ensuing question of whether the one-year-back rule should be applied to such awards.

The one-year-back rule provides:

"If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the bureau, no compensation shall be ordered for any period which is more than 1 year prior to the date of filing of such application." MCL 418.833(1); MSA 17.237(833)(1).

In *Filion* the Board held that nursing services are included within medical services and that § 833(1) "specifically excludes any 'medical expenses' from its limiting provisions". A concurring opinion was filed by the chairman of the Board who would have reached the same result for different reasons. In his opinion, Chairman Gillman stated that he would apply the one-year-back rule to medical expenses *"paid by plaintiff and for which reimbursement is sought"* (emphasis in the original), but would not apply the rule to a "stranger" to the proceedings. Chairman Gillman would have found that the parents of Frederick Filion were "strangers" based on the *"Kushay theory * * * that we disregard their status and

[1] Based on the rationale applied by the Supreme Court in *Kushay, supra,* we find that there is no justification for drawing a distinction between services rendered by a spouse and services rendered by a parent. Accordingly, we hold that under § 315 plaintiff Suzanne Filion should be compensated for the services she provided her son.

treat them as the 'other attendance' providers they have become".

The Board in *Robbins* adopted the reasoning contained in Chairman Gillman's concurring opinion in *Filion* and awarded retroactive compensation to plaintiff's wife for her services, despite the fact that plaintiff had himself signed the petition for additional compensation. The Board found that "it is really [plaintiff's] wife who is seeking payment for nursing care services she has been rendering for years". The Board was "not persuaded that the mere fact that plaintiff signed the petition for hearing should disentitle his wife from receiving what she is otherwise due".

In effect, the Board's refusal to apply the limitations of § 833(1) to the petitions in the present cases is based on a finding that the petitions for compensation for nursing services provided by a spouse or parent are not petitions for "further compensation" within the meaning of the Act. In making our evaluation of this holding of the Board, we note first that the term "further compensation" as used in the statute has not been held to its literal meaning. In *Martin v Somberg-Berlin Metals Co,* 407 Mich 737; 288 NW2d 574 (1980), the Supreme Court specifically rejected a literal construction of the term "further compensation":

"The argument * * * in essence is that the one-year-back rule admits of no exceptions and consequently *every* claim for compensation after compensation has once been paid is an application for 'further compensation' subject to the rule.

"While it may be literally true that once a worker has received compensation any compensation paid to that worker thereafter may be termed 'further compensation' that phrase in the one-year-back rule has not

been so read over the years." (Emphasis in the original.) *Id.,* 740-741.

The Supreme Court in *Martin,* approved the Board's decision to draw a distinction "among 'categories' of disability in determining whether an application is for 'further compensation' within the rule". *Id.*

The statutory language, "further compensation" has thus become a term of art.

We next note that the Board's construction of the statutory language should be accorded due deference:

"The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be over-ruled without cogent reasons." *Magreta v Ambassador Steel Co,* 380 Mich 513, 519; 158 NW2d 473 (1968).

In reviewing the Board's action in the present case, we are not persuaded that the Board has erred by refusing to apply the one-year-back limi-tation of § 833(1) to awards for nursing services provided by a spouse or parent. The petitions for compensation for such nursing services are distinct from the usual petition which may be made by a worker for compensation. An injured worker who receives nursing services from a nonrelated indi-vidual or business entity comes under a legal obligation to pay for those services. The worker, thus, might petition for the funds which he needs to pay for those services. On the other hand, when nursing services are provided by a spouse or par-ent the worker has no legally enforceable obliga-tion to pay for those services. Thus, as the Board correctly maintains, the petition for compensation is truly on behalf of the parent or spouse. Seen in

this light, we do not believe that the Board erred in holding that the petitions in the present cases were not petitions by the worker for "further compensation" within the meaning of § 833(1).

As noted above, defendants Art Himbault Trucking Company and the Michigan State Accident Fund have also contested the amount of the award made to plaintiff Suzanne Filion. Defendants have been paying for an attendant each morning and for a companion in the afternoon for Frederick Filion, as well as for periodic nursing and physical therapy services. Plaintiff was awarded benefits for the 8 hours in each 24-hour period when Frederick is cared for solely by his parents. Defendants contend that the award should instead be calculated on the amount of time the parents actually spend in performing nursing services for their son.

The Act provides that, in the absence of fraud, the factual findings of the Board are conclusive. MCL 418.861; MSA 17.237(861). This Court, as well as the Supreme Court, has applied a "competent evidence" test when reviewing such findings. *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978), *Hughes v Lakey Foundry Corp,* 91 Mich App 170; 284 NW2d 135 (1979).

The testimony of plaintiff reveals that someone must be with Frederick Filion at all times because he is prone to spasms. The parents irrigate their son's catheter daily. They also help feed him and prepare him for bed. Once or twice nightly they get up and stretch his legs and roll him over. Frederick's clothes require special laundering. He often vomits and wets the bed and the parents must then change the linens. The parents also give Frederick medication twice daily. Frederick's father testified that he quit his job with Ford Motor Company four years prior to acquiring pension benefits in order to help care for his son.

We find that the testimony amply supports the

Board's findings of fact. Even if the specific functions performed by plaintiff and her husband could be accomplished in less than eight hours a day, the parents must nonetheless be available throughout the day and night. There was no error in the award to plaintiff of compensation based on eight-hour periods.

The first of the additional questions presented by defendants Ray Ridge Chevrolet, Incorporated and Michigan State Accident Fund is whether certain payments voluntarily made by defendants should have been applied against the nursing care award. Again, this is a factual question and our review is controlled by § 861 of the Act.

Defendants argue that since they made voluntary payments for extraordinary expenses resulting from the severity of plaintiff's injury, their payments must have included compensation for nursing services. Defendants offered no evidence to show that the voluntary payments were intended to compensate plaintiff for necessary nursing services. Nor did defendants take any steps to demonstrate what portion of the voluntary payments should be allocated as a setoff against nursing services and what portion would be reserved for other extraordinary expenses. The Board was thus given no basis upon which to compute a set-off. Plaintiff's testimony, on the other hand, provided substantial, competent, and material evidence that the payments were otherwise intended.

Defendants' final claim on appeal, that the Board erred by not applying the law as it existed in 1963 (the year of plaintiff's injury) in deciding plaintiff's request for nursing benefits from 1971, is without merit. Cf. *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959).

Affirmed. No costs, the interpretation of a statute being involved.