TREJO v MICHIGAN SUGAR COMPANY

Docket No. 67868. Submitted December 6, 1983, at Lansing.—Decided
April 16, 1984.

Plaintiff, Arthur Trejo, was totally and permanently disabled as a
result of an accident arising out of and in the course of his
employment with defendant Michigan Sugar Company. At the
time of the injury, plaintiff was also employed by General
Motors Corporation. The injury prevented plaintiff from contin-
uing his employment with General Motors Corporation. A
hearing referee thereafter found plaintiff to be totally and
permanently disabled. An award of $4,000 for eight months of
nursing care was made to the plaintiff's wife. A further deter-
mination was made that plaintiff was entitled to compensation
based upon his average weekly wage at Michigan Sugar alone.
Defendants Michigan Sugar Company and American Mutual
Insurance Company, Michigan Sugar's insurer, appealed to the
Workers' Compensation Appeal Board contesting the award of
nursing care payments to plaintiff's wife. The appeal board
affirmed the award of compensation for nursing care. Defen-
dant Second Injury Fund appealed from what it believed to be
a miscalculation of the average wage determination to include
wages from both Michigan Sugar and General Motors. The
appeal board clarified the hearing referee's holding that the
wage determination was based on wages from Michigan Sugar
only and affirmed the referee's order to that effect. Michigan
Sugar appeals, by leave granted, contending that the appeal
board erred in ordering payment of nursing care to plaintiff's
wife. The Second Injury Fund was not involved in that issue.
Plaintiff cross-appealed from the part of the appeal board's
decision awarding compensation based on his wages from Mich-
igan Sugar only. *Held:*

1. The order of the Workers' Compensation Appeal Board
which reimbursed the plaintiff's wife for nursing services was

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 630, 631, 634.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 393, 394.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 613-617.
[4] 82 Am Jur 2d, Workmen's Compensation §§ 368, 369, 373.

supported by competent evidence. The reasonable inferences to be drawn from the nature of the injury, the condition in which plaintiff was discharged from the hospital, and the condition in which the plaintiff remained on the date of the board's opinion, established entitlement to the nursing care award.

2. The appeal board complied with its duty to set out the testimony which it adopted, the standard followed, and the reasoning it used in reaching its conclusions.

3. The appeal board did not err by failing to base the computation of the plaintiff's award for his weekly wage loss upon a combination of plaintiff's earnings at Michigan Sugar Company and General Motors Corporation. The plain language of the statute regarding such computation, prior to its amendment effective January 1, 1982, indicates that only the plaintiff's *earning capacity* at Michigan Sugar Company, which was the employment in which he was working at the time of his injury, was to be considered when computing the compensation due him.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL.

The Court of Appeals, in reviewing a decision of the Workers' Compensation Appeal Board, must affirm the board's decision if the proper legal standard has been applied and there is an absence of fraud; in reviewing the findings of the board, a competent evidence standard is to be applied (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — MEDICAL SERVICES — COMPENSATION — HUSBAND AND WIFE.

The legal standard governing the compensability of services provided to an injured employee is that it is the employer's duty to provide medical services or other attendance or treatment, even if performed by a spouse, when they are needed; ordinary household tasks such as cleaning, preparation of meals, and washing and mending clothes are beyond the scope of the employer's obligation; however, compensable tasks include serving meals in bed, and bathing, dressing and escorting the disabled employee.

3. WORKERS' COMPENSATION — APPEAL.

The Workers' Compensation Appeal Board has a duty, to aid in the judicial review of its decisions, to set out the testimony adopted by the board, the standard followed, and the reasoning it used in reaching a conclusion.

4. WORKERS' COMPENSATION — WEEKLY WAGE LOSS — MULTIPLE
   EMPLOYMENT.

> Prior to January 1, 1982, the workers' compensation statute
> pertaining to the determination of the weekly wage loss of an
> employee provided that the measure of compensation was to be
> based upon the employee's average weekly wage in the employ-
> ment in which he was working at the time of the injury; it is
> improper to include in such a computation income from any
> employers other than the one for which the injured employee
> was working at the time of his injury; the statute governing
> such a computation has been amended, effective January 1,
> 1982, to provide that the measure of compensation is to be
> based upon the average weekly wage in all of the injured
> worker's employments (MCL 418.371[1]; MSA 17.237[371][1]).

*Bernard M. Freid & Associates, P.C.* (by *Debra A. Freid*), for plaintiff.

*Philip S. Della Santina,* for Michigan Sugar Company and American Mutual Insurance Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General, for Second Injury Fund.

Before: M. J. KELLY, P.J., and CYNAR and J. C. KINGSLEY,* JJ.

PER CURIAM. Defendants, Michigan Sugar Company and American Mutual Insurance Company, appeal by leave granted May 25, 1983, from a decision of the Workers' Compensation Appeal Board (WCAB) awarding reimbursement for nursing care services provided by plaintiff's wife. Plaintiff brings a cross-appeal from that part of the WCAB's decision awarding compensation based upon plaintiff's average weekly earnings in his seasonal employment with Michigan Sugar, in-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stead of basing it upon the combined earnings from his employments with Michigan Sugar and General Motors Corporation.

Plaintiff was totally and permanently disabled on September 26, 1975, as a result of an accident arising out of and in the course of his employment with Michigan Sugar Company. At the time of his injury, plaintiff's average weekly wage at Michigan Sugar was $167.67. Plaintiff was also employed by General Motors Corporation, where his average weekly wage was $400. Plaintiff's injury at Michigan Sugar prevented him from continuing his employment with General Motors.

At a hearing held before a hearing referee on May 30, 1980, plaintiff was found to be totally and permanently disabled. An award of $4,000, or $500 per month for eight months, was made to plaintiff's wife for nursing care. Further, a determination was made that the plaintiff was entitled to compensation at the rate of $111.78 per week. While this figure was based upon the plaintiff's average weekly wage at Michigan Sugar alone, the order as written gave the impression to the Second Injury Fund (Fund) that the average weekly rate included both Michigan Sugar and General Motors Corporation.

Defendant Michigan Sugar appealed from the award of nursing care payments to plaintiff's wife. The WCAB affirmed the award of compensation for nursing care. The Second Injury Fund appealed from what it believed to be an average weekly wage miscalculation. The WCAB clarified the weekly wage determination and observed that the Fund's appeal of the average weekly wage may not have been necessary. The Fund and the plaintiff appear to believe that the specific reference to the $400 weekly wage earned at General Motors was

the judge's mandate to the Fund to pay supplemental benefits for total and permanent disability based on a combined average weekly wage. The WCAB determined that the judge properly found a $167.67 average weekly wage at the defendant's plant. Plaintiff's benefit from defendant ($111.78 weekly) and from the Fund were both predicated on that figure. Following the clarification, the referee's order was affirmed.

Michigan Sugar filed an application for leave to appeal on the issue as to whether the WCAB erred in ordering payment of nursing care to plaintiff's wife. This issue did not involve the Fund. The plaintiff did not file an original appeal. Following the granting of Michigan Sugar's application for leave to appeal, plaintiff filed a cross-appeal.

We are asked to decide two issues in this appeal. The first issue is whether the order of the WCAB reimbursing plaintiff's wife for nursing services was supported by competent evidence.

In reviewing a decision of the WCAB, this Court must affirm if the proper legal standard has been applied and there is an absence of fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Collins v Waterford Twp School Dist,* 118 Mich App 798; 325 NW2d 585 (1982), *lv den* 417 Mich 998 (1983). In reviewing the findings of the WCAB, the Supreme Court has applied a "competent evidence" standard. *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978); *Filion v Art Himbault Trucking Co,* 103 Mich App 471; 302 NW2d 892 (1981), *lv den* 412 Mich 863 (1981).

The legal standard governing the compensability of services provided by an injured worker's spouse was announced in *Kushay v Sexton Dairy Co,* 394 Mich 69; 228 NW2d 205 (1975). In *Kushay,* the Supreme Court held that ordinary household tasks

are beyond the scope of the employer's obligation. The employer's duty is to provide medical services or other attendance or treatment, even if performed by a spouse, when they are needed. *Kushay, supra,* p 75. Examples of ordinary household tasks are cleaning, preparation of meals, and washing and mending clothes. Compensable tasks include serving meals in bed and bathing, dressing, and escorting the disabled person. *Kushay, supra,* p 74.

The WCAB has a duty to set out the testimony adopted, the standard followed, and the reasoning it used in reaching a conclusion. *McClary v Wagoner,* 16 Mich App 326, 328; 167 NW2d 800 (1969). In our opinion, the WCAB complied with its duty in this case.

Plaintiff was severely injured on September 26, 1975, suffering multiple fractures of both legs and losing the industrial use thereof. He was hospitalized for two months, and late in 1975 was returned to his home in a wheelchair. There was no request for 24-hour-a-day nursing care. He sought to have his wife reimbursed for eight months of attendance after leaving the hospital.

Plaintiff testified that she had to take him to the bathroom and carry him around because he could not get around without assistance. The wife was employed until mid-January, 1976, at which time she left her employment to care for plaintiff. Plaintiff did not really begin getting out of bed for more than 10-15 minute stints until September, 1976.

The WCAB found that Mrs. Trejo was entitled to be paid for her services at the rate for common labor in her community. The labor she rendered by reasonable inference justified payment as ordered by the hearing referee.

The WCAB stated that the reasonable inferences to be drawn from the nature of the injury, the condition in which plaintiff was discharged from the hospital, and the condition in which he remained on October 14, 1982, the date of the WCAB opinion, established entitlement to the nursing care award. We agree.

The second issue, submitted by plaintiff-cross-appellant, is whether the WCAB erred by failing to base the computation of the award upon a combination of plaintiff's earnings at Michigan Sugar Company and General Motors Corporation.

Plaintiff sustained his injury while working at the Michigan Sugar Company, where he earned an average weekly salary of $167.67. Plaintiff also earned an average weekly wage of $400 at General Motors. As a result of his injury, plaintiff is disabled from both jobs. The hearing referee and the WCAB based plaintiff's compensation award solely upon his earnings at Michigan Sugar. Plaintiff contends that the compensation rate should have been based upon his earnings at both employments.

The rate of compensation due an injured employee is computed pursuant to MCL 418.371(1); MSA 17.237(371)(1), which provided at the time pertinent to this action:

"The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity *in the employment in which he was working at the time of the injury,* the same to be fixed as of the time of the injury, but to be determined in view of their nature and extent of the injury. The compensation payable, when added to his wage earning capacity after

the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury." (Emphasis added.)

As the plain language of the statute indicates, only the plaintiff's earning capacity at Michigan Sugar, which was the employment in which he was working at the time of his injury, is to be considered when computing the compensation due him. This was the interpretation given the statute in *Buehler v University of Michigan,* 277 Mich 648; 270 NW 171 (1936). In *Buehler,* the plaintiff was employed as a common laborer at three jobs, only two of which were connected with the University of Michigan. The Court held that it was improper to include income from any employers other than the university when computing the average weekly wage of the plaintiff. The Court concluded that:

"under the law, the university may not be held liable for compensation computed on the basis of what plaintiff earned when not employed by the university, and the insurer may not be held liable for compensation based upon earnings by the plaintiff while not on the payroll of the insured." *Buehler, supra,* p 651.

The interpretation given the statute in *Buehler* has been cited approvingly in several other cases. For example, the Court in *Bowles v James Lumber Co,* 345 Mich 292; 75 NW2d 822 (1956), held that a disabled employee's compensation may not be reduced by taking into account income earned from another employer. The Court stated that this conclusion was based upon the fact that an employer's liability cannot be increased by taking into consideration earnings received from employment other than that in which the disabling injury was re-

ceived, citing *Buehler. Bowles, supra,* p 294. See also *Lahay v Hastings Lodge No 1965 BPOE,* 398 Mich 467, 478; 247 NW2d 817 (1976).

Plaintiff argues that the result reached here is contrary to the intent of the Legislature. However, if the Legislature had intended that plaintiff's compensation be computed based upon his earnings at both Michigan Sugar and General Motors, it seems the statute would have long since been amended to avoid the interpretation given by the *Buehler* Court. As both parties note, the Legislature has recently amended the statute, effective January 1, 1982, providing for the measure of compensation based upon the average weekly wage in all of the injured worker's employments. The fact that the previous statute, as interpreted by *Buehler,* has been allowed to stand since 1936 is an indication that the true legislative intent was properly interpreted by the *Buehler* Court. We also affirm the WCAB on this issue.

Affirmed.