BOHMAN v BOYCE

Docket No. 82128. Submitted June 6, 1985, at Grand Rapids.—Decided August 20, 1985.

Lucinda M. Bohman brought in Osceola Circuit Court an action pursuant to the Child Custody Act against Dan C. Boyce, seeking a determination of defendant's paternity of the child born to plaintiff. Plaintiff alleged that defendant was the natural father of her daughter, Holly M. Bohman, who was conceived while plaintiff was married to a man other than defendant but was born after plaintiff's divorce from that man. Defendant moved for accelerated judgment on the basis that the trial court lacked jurisdiction to determine paternity pursuant to the Child Custody Act. The trial court, James L. Banks, J., granted the motion. Plaintiff appealed. *Held:*

While a circuit court may under appropriate circumstances determine paternity in an action brought pursuant to the Child Custody Act, jurisdiction of the circuit court to make such a determination under the Child Custody Act is dependent on there being a dispute as to the custody of the child. Since no such dispute existed, the trial court properly granted accelerated judgment in favor of defendant on the ground that it lacked jurisdiction under the Child Custody Act to proceed. The relief requested is available, if at all, in an action brought pursuant to the Paternity Act.

Affirmed.

CHILDREN BORN OUT OF WEDLOCK — PATERNITY — CHILD CUSTODY ACT — JURISDICTION.

Paternity may be determined under appropriate circumstances in an action brought under the provisions of the Child Custody Act; however, for a circuit court to have jurisdiction to decide paternity in an action brought pursuant to the Child Custody Act there must exist a dispute over the custody of the child; where no such dispute as to custody of the child exists, the

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Bastards §§ 74 *et seq.*

See the annotations in the ALR3rd/4th Quick Index under Bastards.

question of paternity must be adjudicated in accordance with the provisions of the Paternity Act (MCL 722.27; MSA 25.312[7]).

*James L. Talaske,* Prosecuting Attorney, for plaintiff.

*Lobert & Downey* (by *Shawn M. Downey).* for defendant.

Before: R. M. MAHER, P.J., and BEASLEY and SHEPHERD, JJ.

PER CURIAM. Plaintiff, Lucinda Marie Bohman, appeals as of right from an order granting accelerated judgment to defendant, Dan Carl Boyce, pursuant to GCR 1963, 116 [now MCR 2.116], on the ground that the trial court lacked jurisdiction in this case to determine paternity under the provisions of the Child Custody Act of 1970.[1]

Plaintiff's petition alleged that defendant was the natural father of her daughter, Holly Michelle Bohman, born November 19, 1981. When her daughter was conceived, plaintiff was married to another man; however, he and plaintiff were divorced before Holly was born. According to plaintiff, no mention was made of the then-unborn child in the judgment of divorce. Holly has lived with plaintiff in Reed City, Michigan, since her birth.[2]

MCL 722.27; MSA 25.312(7) provides that:

[1] MCL 722.21, *et seq.;* MSA 25.312(1), *et seq.*

[2] According to plaintiff's brief, on April 1, 1983, plaintiff filed an action based on the Paternity Act, MCL 722.711, *et seq.;* MSA 25.491, *et seq.* However, accelerated judgment was granted to defendant in that action because the court apparently concluded that the child was not born out of wedlock, as required for relief under the Paternity Act. We express no view on the propriety of that determination on these facts. However, see *Smith v Robbins,* 91 Mich App 284; 283 NW2d 725 (1979), *lv den* 408 Mich 853 (1980); *Syrkowski v Appleyard,* 420 Mich 367, 373-374; 362 NW2d 211 (1985); *In re Flynn,* 130 Mich App 740, 754-755; 344 NW2d 352 (1983); MCL 722.711(a); MSA 25.491(1).

*"If* a *child custody dispute* has been submitted to a circuit court as an original action under this act or has arisen incidentally from another action in a circuit court or another or judgment of a circuit court, for the best interests of the child the court may:* * *." (Emphasis added.)

In the within case, no "child custody dispute" has been presented. Plaintiff's daughter lives with her and neither defendant no any other party seeks custody of the child. We agree that paternity may sometimes be determined in a proper custody case.[3] But a circuit court has no jurisdiction to determine paternity under the Child Custody Act where no colorable custody dispute exists. In such a situation, the Paternity Act is the only avenue for relief.

Affirmed.

---

[3] See *Winsett v Donaldson,* 69 Mich App 36,39; 244 NW2d 355 (1976); *Raleigh v Watkins,* 97 Mich App 258, 260; 293 NW2d 789 (1980); but see *Pizana v Jones,* 127 Mich App 123, 127; 339 NW2d 1 (1983).