JONES v DEE CRAMER, INC

Docket No. 97323. Submitted November 18, 1987, at Lansing. Decided
    February 16, 1988.

James C. Jones, Jr., filed a petition for a hearing before the
    Bureau of Workers' Disability Compensation in 1980 relating to
    an injury he suffered on August 14, 1973, while working for
    Dee Cramer, Inc. A hearing referee determined that Jones was
    totally and permanently disabled as of April 4, 1974, ordered
    the employer and its insurer, Michigan Mutual Insurance
    Company, to pay benefits from August 15, 1973, and ordered
    the Second Injury Fund to pay differential benefits commencing
    April 4, 1974. In an appeal to the Workers' Compensation
    Appeal Board, the Second Injury Fund claimed that the hear-
    ing referee erred in failing to reduce the amount of the fund's
    liability by applying a provision of the Workers' Disability
    Compensation Act requiring that payment shall not be made
    for any period of time earlier than two years preceding the
    date on which a claimant files an application for a hearing with
    the bureau. On November 20, 1986, the wcab affirmed the
    hearing referee's decision and rejected the Second Injury
    Fund's claim, deciding that the fund had waived the two-year-
    back rule by failing to raise it in its pleadings and at the
    hearing before the referee. The Second Injury Fund appealed.

The Court of Appeals *held:*

1. Pursuant to *Howard v General Motors,* 427 Mich 358,
    decided on December 26, 1986, the two-year-back rule is not
    waived where there is no indication in the claimant's petition
    that benefits for a period prior to two years preceding the filing
    of the petition are sought, and the two-year-back rule is raised
    as an issue in an appeal to the wcab.

2. The *Howard* decision did not destroy a vested right and

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 484, 485, 620 *et seq.*; 635.
Tort liability of worker's compensation insurer for wrongful delay
    or refusal to make payments due. 8 ALR4th 902.
See also the annotations in the Index to Annotations under Work-
    ers' Compensation.

merely effected a procedural change in the law. Thus, retroactive application of that decision may be given to this case.

Reversed and remanded.

WORKERS' COMPENSATION — TWO-YEAR-BACK RULE — WAIVER.

The provision of the Workers' Disability Compensation Act requiring that payment shall not be made for any period of time earlier than two years preceding the date on which a claimant filed an application for a hearing with the Bureau of Workers' Disability Compensation is not waived where there is no indication in the claimant's petition that benefits for a period prior to two years preceding the filing of the petition are sought, and the provision is raised as an issue in an appeal to the Workers' Compensation Appeal Board (MCL 418.381[2]; MSA 17.237[381][2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Sterling W. Schrock,* Assistant Attorney General, for the Second Injury Fund.

Before: M. J. KELLY, P.J., and G. R. McDONALD and J. D. PAYANT,* JJ.

M. J. KELLY, P.J. Defendant, the Second Injury Fund, appeals by leave granted that part of the decision of the Workers' Compensation Appeal Board which held that the two-year-back rule, MCL 418.381(2); MSA 17.237(381)(2), was waived by defendant's failure to raise the rule during the hearing on plaintiff's petition before the hearing referee. We reverse and remand.

Plaintiff severely injured his back on August 14, 1973, while installing a compressor in an air conditioning unit. Plaintiff received an electrical shock that caused him to fall backwards onto his back and buttocks. Plaintiff's employer voluntarily began to make compensation payments. Subsequently, on May 1, 1975, plaintiff petitioned for an advance payment of $20,500. On March 15, 1976,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the hearing referee ordered advance payment of $20,511.38. The amount represented the discounted value of payments due for a period of 191 weeks, from April 7, 1976, through December 3, 1979.

However, because of settlements of third-party claims, plaintiff stipulated to withdraw his petition for a lump sum advance and his employer's insurer stipulated to withdraw its appeal of the advance payment order. Consequently, the WCAB ordered that plaintiff's petition for a lump sum advance be dismissed and that his employer's insurer's appeal from the hearing referee's decision be dismissed.

Plaintiff's next petition for a hearing was submitted on December 21, 1979. This petition was later dismissed on June 30, 1980, for lack of prosecution. Plaintiff submitted another petition on September 25, 1980. This petition named plaintiff's employer, its insurer and the Second Injury Fund as defendants. The petition alleged that injury occurred on August 14, 1973. At the time the petition was filed plaintiff was receiving compensation benefits in the amount of $62.50 per week pursuant to voluntary payment from his employer's insurer. At the hearing on this petition on August 25, 1981, the attorney for the Second Injury Fund was late and when he subsequently appeared he did not assert the two-year-back rule.

The decision of the hearing referee was that plaintiff was totally and permanently disabled due to the loss of the industrial use of his lower extremities as of April 4, 1974, the date of the physical examination used in evidence. The hearing referee ordered the employer, Dee Cramer, Inc., and its insurer, Michigan Mutual, to pay plaintiff benefits at a rate of $117 per week from August 15, 1973, until August 25, 1981, and until

further notice; however, the hearing referee found that the insurer and employer might be entitled to future credit because of plaintiff's success with third-party claims. It was further ordered that the Second Injury Fund pay differential benefits commencing April 4, 1974. The Second Injury Fund could not take credit, against the differential benefits ordered, for any money plaintiff recovered in third-party actions.

The Second Injury Fund on October 27, 1981, applied for review, based solely on its argument that the hearing referee erred in not applying the two-year-back rule of MCL 418.381(2); MSA 17.237(381)(2) to the amount of accrued differential benefits owed by the Second Injury Fund. When the employer and its insurer also asked for review of the decision, the Second Injury Fund amended its claim of review to include the issue of disability.

The WCAB, in its opinion of November 20, 1986, affirmed the decision of the hearing referee. The WCAB found that plaintiff was permanently and totally disabled, having "lost the primary use of both legs in industry" as a result of his injury and that plaintiff was entitled to total and permanent disability benefits. As to the Second Injury Fund's claim that the two-year-back rule of MCL 418.381(2); MSA 17.237(381)(2) should apply to its liability, the WCAB held: "Since the defendant Second Injury Fund failed to raise this two-year-back rule at trial, or by pleading, we decline to apply it in this factual setting."

The sole issue in this appeal is whether the Second Injury Fund waived application of the two-year-back rule by failing to assert it. Although defendant Second Injury Fund claims that it has asserted the two-year-back rule throughout these proceedings, we find no evidence in the record to

support that claim. We decide this case solely on the basis of whether the rule is waived by failure to assert it at the trial level.

The two-year-back rule, as stated in MCL 418.381(2); MSA 17.237(381)(2), provides:

> Except as provided in subsection (3), if any compensation is sought under this act, payment shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed an application for a hearing with the bureau.

Subsequent to the November 20, 1986, determination of the WCAB in this action, the Supreme Court decided *Howard v General Motors Corp,* 427 Mich 358; 399 NW2d 10 (1986), on December 26, 1986. In *Howard,* the WCAB held that the two-year-back rule was akin to a statute of limitations and, by failing to invoke the rule before the trial court, defendant had waived it. The question addressed by the Supreme Court in *Howard* was "whether they [the one- and two-year-back rules in the Workers' Disability Compensation Act] can be procedurally waived by a failure to raise them at some point in the proceedings." *Id.* at 369. The issue was whether the rules were akin to statutes of limitation or merely limitations on the authority of the board, and not waivable.

In the lead opinion in *Howard,* Justice BRICKLEY, joined by Justice RILEY, wrote of the one- and two-year back rules: "Simply stated, they are not statutes that limit the period of time in which a claimant may file an action. Rather, they concern the time period for which compensation may be awarded once the determination of rights thereto has been made." *Id.* at 385. Justice BRICKLEY concluded: "The 'back' rules are better described as

legislative limitations on the *scope* of authority possessed by a body granting workers' compensation benefits." *Id.* at 387. Procedurally, a waiver could only take place if defendant neglected to raise application of the rules on appeal to the wcab. *Id.*

Writing separately, Justice Boyle, joined by Chief Justice Williams and Justice Cavanaugh, concurring in part and dissenting in part, concluded that because the plaintiff's petition did not claim benefits for a period prior to two years preceding the filing of the petition, there was no notice of intention to seek damages beyond the two-year limit imposed by statute. For this reason, Justice Boyle concluded that there was no basis for finding a waiver of the two-year-back rule. Justice Boyle dissented from the lead opinion in that, although recognizing similarities in the rules, she would not decide issues related to the one-year-back rule where analysis of only the two-year-back rule was required.

Here, like in *Howard,* in the September 25, 1980, petition of plaintiff, there was no notice that benefits would be sought for a period prior to two years preceding the petition. Although the petition stated that the injury occurred in August, 1973, the petition stated that plaintiff had been paid or was receiving compensation. Here, as in *Howard,* defendant Second Injury Fund did assert the two-year-back rule in its appeal to the wcab.

Based on the lead opinion in *Howard,* defendant has not waived the two-year-back rule, since waiver could only occur procedurally where defendant has not raised the issue on appeal before the wcab. Likewise, accepting the reasoning of Justice Boyle, defendant has not waived the rule because plaintiff's petition gave no indication that a claim for benefits was being made for the time prior to

that excluded by the two-year-back rule, and without such notice defendant was not obliged to assert the rule or face waiver.

Based on the opinions in *Howard,* the WCAB erred by stating that defendant waived the rule by not raising it before the hearing referee.

However, because the decision in *Howard* was decided one month after the instant case was decided by the WCAB, the next issue to determine is whether *Howard* should be applied retroactively to this case. The general rule is that the law in effect at the time the injury occurred controls.

> It has long been the rule in Michigan that, in workers' compensation cases, the law in effect at the time of the relevant injury must be applied unless the Legislature clearly indicates a contrary intention. [*Nicholson v Lansing Bd of Ed,* 423 Mich 89, 93; 377 NW2d 292 (1985).]

The problem with applying this rule to the facts presented here is that the legislation involved is not new, but it has been given a new interpretation by the lead opinion in *Howard.* This problem has been addressed in the past. In *Gusler v Fairview Tubular Products,* 412 Mich 270, 298; 315 NW2d 388 (1981), the Supreme Court gave a new interpretation to existing legislation and, on the issue of retroactivity, held:

> Although our holding is based on what we perceive to have been the intent of the Legislature at the time of enactment of the provisions discussed, in practical effect, given the contrary interpretations of the law by the Director of the Bureau of Workers' Compensation and the bureau's subdivisions, the Workers' Compensation Appeal Board and its hearing referees, and the Court of Appeals, today's holding is not unlike the announcement of

a new rule of law. Its application therefore should be treated accordingly.

Likewise, the decision in *Howard* was not unlike the announcement of a new rule of law, which would normally call for prospective application. However, an exception to the general rule of prospective application obtains where the change in law is procedural, since a remedial or procedural act does not destroy a vested right. *Karl v Bryant Air Conditioning Co,* 416 Mich 558, 571; 331 NW2d 456 (1982).

Here, because the changed interpretation of the two-year-back rule does not destroy a vested right and is merely a procedural change, retroactive application of the holding in *Howard* is appropriate.

Reversed and remanded.