PERRY v STEWART

Docket No. 111003. Submitted May 4, 1989, at Lansing. Decided June 6, 1989.

Keith Alan Perry filed a paternity action against Paula Marie Stewart and Albert D. Stewart in Iosco Circuit Court alleging that he was the father of a child born to Paula Stewart, who was married to Albert at the time the child was conceived and born, seeking a determination that he is the biological father of the child and requesting joint legal custody of the child, as well as child support and visitation rights. The court, J. Richard Ernst, J., ruled that plaintiff had no standing to sue under either the Paternity Act or the Child Custody Act because there was no disagreement between the Stewarts as to paternity and because the child, having been conceived and born during the marriage, was presumed to be a child of the marriage and not a child born out of wedlock. Plaintiff's motion for rehearing, alleging that paternity of the child was a rebuttable presumption, was denied. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff had standing to attempt proof of paternity under both the Paternity Act and the Child Custody Act. The Paternity Act bestows jurisdiction on the circuit court over an action to identify the father of a child born out of wedlock, even though the child was conceived and born during the mother's marriage to another, and plaintiff's request for joint custody and visitation clearly demonstrates the existence of a colorable dispute under the Child Custody Act as to custody of the minor child even though the Stewarts did not disagree with each other regarding paternity.

Reversed and remanded to allow plaintiff an opportunity to develop a record concerning paternity of the minor child.

PARENT AND CHILD — PATERNITY — MOTHER MARRIED TO SOMEONE NOT THE FATHER — STANDING OF FATHER.

A man who professes to be the father of a child born to a woman

REFERENCES

Am Jur 2d, Bastards §§ 18, 19, 24, 74 *et seq.*

Who may dispute presumption of legitimacy of child conceived or born during wedlock. 90 ALR3d 1032.

who is married to another man at the time of the conception and birth of the child has standing under both the Paternity Act and the Child Custody Act to file a paternity action seeking a determination that he is the biological father of the child and seeking custody, support, and visitation rights (MCL 722.711 *et seq.*, 722.21 *et seq.*; MSA 25.491 *et seq.*; 25.312[1] *et seq.*).

*Robert J. Eppert,* for plaintiff.

Before: WAHLS, P.J., and WEAVER and CAV-ANAGH, JJ.

WEAVER, J. Plaintiff appeals as of right from a circuit court order dismissing his complaint for paternity, custody, support, and visitation and from the circuit court's order denying his motion for rehearing. We reverse and remand.

I

Plaintiff alleges paternity of the minor child, Shawn Matthew Stewart, who was born to defendant Paula Marie Stewart on September 22, 1986. Three children were conceived and born to Paula Stewart during her marriage to defendant Albert D. Stewart, including the minor child whose paternity is here challenged. In February of 1988, Paula Stewart filed for divorce, which action is still pending.

Plaintiff initially filed a paternity action in 1986. On February 17, 1988, the circuit court directed that blood tests be taken of the parties and of the minor child. On March 29, 1988, the action was dismissed for lack of progress when plaintiff was allegedly unable to obtain sufficient funds for the blood testing directed by the court.

On May 6, 1988, plaintiff filed another complaint for child custody, support, and visitation, alleging paternity and requesting joint legal custody. Plain-

tiff subsequently filed a motion for blood tests, alleging that he had obtained the funds for blood testing and wished to proceed to judgment. Pursuant to a hearing on June 13, 1988, at which both defendants appeared and wherein the trial court refused to allow a record to be taken of plaintiff's paternity claims, the trial court dismissed plaintiff's action. The court's basis for dismissal was that plaintiff had no standing to sue under either the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.*, or the Child Custody Act of 1970, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*, because there was no disagreement between the two defendants as to paternity and because the child, having been conceived and born during the marriage, was presumed to be a child of the marriage and not a "child born out of wedlock."

On June 28, 1988, plaintiff moved for rehearing, alleging that paternity of the child was a rebuttable presumption and again requesting blood tests. Plaintiff asserted that the mother had acknowledged his paternity and that it was not possible for defendant Albert Stewart to be the father because he had undergone a vasectomy. On August 11, 1988, the trial court refused to allow plaintiff's offer of proof, refused to allow blood tests, and denied rehearing. Plaintiff appeals as of right.

II

On appeal, plaintiff asserts that he has a legal right to seek to establish paternity even though the child was conceived and born during the mother's marriage to another man. We agree. Both Michigan's Paternity Act and Child Custody Act provide a basis for plaintiff's action to establish paternity.

Plaintiff had a right to attempt proof of paternity under Michigan's Paternity Act. The Paternity Act allows the father or putative father of a

"child born out of wedlock" to request an order of filiation in the circuit court of the county in which the child or the mother resides or is found. MCL 722.714(6); MSA 25.494(6). In 1980 and 1986 the statute was amended so that it now defines "child born out of wedlock" not only as a child born to an unmarried woman but also as a "child born or conceived during a marriage but not the issue of that marriage." MCL 722.711(a); MSA 25.491(a).

In *Syrkowski v Appleyard,* 420 Mich 367; 362 NW2d 211 (1985), a surrogacy case, the Michigan Supreme Court found that the language of the Paternity Act clearly bestowed jurisdiction on the circuit court over an action to identify the father of a child born out of wedlock, even though the child was conceived and born during the mother's marriage to another. *Id.* at 375. The plaintiff in this case challenged paternity of the minor child as a child born out of wedlock even though conceived and born during the marriage and also requested blood tests and attempted to make an offer of proof. Therefore *Syrkowski* governs the result here. Accordingly, plaintiff had standing to attempt proof of paternity under the Paternity Act, over which matter the circuit court had jurisdiction. *Id.*

Plaintiff also had standing to assert paternity under the Child Custody Act. See *Bohman v Boyce,* 145 Mich App 197, 199; 377 NW2d 387 (1985). Despite the fact that the two defendants Stewart did not disagree with each other regarding paternity, plaintiff's request for joint custody and visitation clearly demonstrates the existence of a "colorable dispute" under the Child Custody Act as to custody of the minor child. *Id.*

Reversed and remanded to allow plaintiff an opportunity to develop a record concerning paternity of the minor child. We do not retain jurisdiction.