FRANKLIN v FORD MOTOR COMPANY

Docket No. 139658. Submitted October 13, 1992, at Lansing. Decided
    December 8, 1992, at 9:20 A.M.

Everett A. Franklin sought workers' compensation benefits from
    Ford Motor Company for an injury that occurred before Janu-
    ary 1, 1992. A hearing referee denied a request for weekly
    benefits, applying the two-year-back rule of MCL 418.381(2);
    MSA 17.237(381)(2), but granted a request for reimbursement of
    medical expenses. The Workers' Compensation Appeal Board
    affirmed with significant modification, finding that the plaintiff
    suffered periods of total disability that entitled him to workers'
    compensation benefits to the extent those benefits were not
    barred by the two-year-back rule, that the plaintiff was entitled
    to reimbursement for the medical expenses, and that the reim-
    bursement of medical expenses was not limited by the two-year-
    back rule. The defendant appealed by leave granted, contend-
    ing that the two-year-back rule applies to the payment of
    medical expenses.

    The Court of Appeals held:

    The changes in § 381(2) resulting from 1980 PA 357, effective
    January 1, 1992, are to be applied retroactively. The statute, as
    amended, provides that the two-year-back rule applies to "any
    compensation." The Legislature did not intend "any compensa-
    tion" to be limited to weekly compensation payments that were
    designed to replace earnings. The appeal board erred in order-
    ing the defendant to pay the plaintiff's medical costs incurred
    more than two years before the date the plaintiff petitioned for
    benefits.

    Reversed.

WORKERS' COMPENSATION — TWO-YEAR-BACK RULE — RETROACTIVE
    APPLICATION — WORDS AND PHRASES — ANY COMPENSATION.

The changes in the two-year-back rule provided in MCL
    418.381(2); MSA 17.237(381)(2) resulting from 1980 PA 357 are
    to be applied retroactively; the Legislature, in replacing the

REFERENCES

Am Jur 2d, Workers' Compensation § 379.
See the ALR Index under Workers' Compensation.

term "weekly payments" with "any compensation," intended the two-year-back rule to apply to any compensation under the act, including reimbursement for medical expenses caused by a work-related disability, and did not intend "any compensation" to be limited to weekly compensation payments that were designed to replace earnings.

*Law Offices of Chui Karega* (by *Chui Karega*), for the plaintiff.

*Gary L. Hayden,* for the defendant.

Before: MURPHY, P.J., and GRIBBS and FITZGERALD, JJ.

PER CURIAM. Defendant appeals by leave granted an order of the Workers' Compensation Appeal Board that found that plaintiff suffered periods of total disability that entitled him to workers' compensation benefits to the extent those benefits were not barred by the two-year-back rule of MCL 418.381(2); MSA 17.237(381)(2). The WCAB further found that plaintiff was entitled to reimbursement for medical expenses caused by his work-related disabilities, and that those expenses were not limited by the two-year-back rule.[1]

The only issue raised is whether and to what extent the two-year-back rule applies to the payment of medical benefits. Before making this determination, however, we must first decide whether 1980 PA 357, which became effective January 1, 1982, applies retroactively to claims for injuries incurred before the effective date of the amendment.[2]

The general rule is that the law in effect at the

---

[1] The WCAB reversed a hearing referee's decision that plaintiff was not entitled to benefits.

[2] 1980 PA 357 expanded the scope of payments limited by the two-year-back rule from "weekly payments" to "any compensation."

time the injury occurred controls.[3] *Nicholson v Lansing Bd of Ed,* 423 Mich 89, 93; 377 NW2d 292 (1985); *Jones v Dee Cramer, Inc,* 166 Mich App 410, 416; 420 NW2d 843 (1988). Also generally, announcement of a new rule of law normally calls for prospective application. *Id.* at 417. Statutes are presumed to operate prospectively unless a contrary intent is clearly manifested. *White v General Motors Corp,* 431 Mich 387, 391; 429 NW2d 576 (1988).

The recognized and often employed exception to the general rule is that where a statute is remedial or procedural in nature, it applies retroactively. *Id.* at 391. Provisions affecting substantive rights or effecting a substantial change in the law are presumed to apply prospectively. *Id.* at 391-392; *Hurd v Ford Motor Co,* 423 Mich 531, 535; 377 NW2d 300 (1985).

In this case, the changes in § 381(2) did not take away an employee's right to recover medical expenses. Rather, the change merely limited recovery for medical expenses more than two years old. There is no vested right in the amount of liability established at the time of an injury. *Romein v General Motors Corp,* 436 Mich 515, 531; 462 NW2d 555 (1990), aff'd 503 US —; 112 S Ct 1105; 117 L Ed 2d 328 (1992). The change, therefore, is more remedial than substantive, and the statute may be applied retroactively. See *Selk v Detroit Plastic Products,* 419 Mich 1; 345 NW2d 184 (1984), and *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959).

This Court has effectively held that the changes in § 381(2) resulting from 1980 PA 357 are to be

---

[3] In this case, plaintiff was injured and filed his petition before the amendment of § 381(2). The referee decided the case before the amendment, but the WCAB decided the case after the effective date of the amendment.

applied retroactively. In *Kapala v Orville Frank Roofing Co,* 172 Mich App 724, 732-734; 432 NW2d 417 (1988), this Court reversed and awarded benefits to the extent the two-year-back rule was not applied. The injury and petition in *Kapala* predated January 1, 1982, the effective date of 1980 PA 357. This Court nevertheless applied the amended version of § 381(2), stating, "This provision is both retroactive to plaintiff's claim and is not waived by defendants' failure to raise it before the hearing referee." *Id.* at 733.

Having concluded that the amended version of § 381(2) applies retroactively, we must now determine whether the two-year-back rule applies to the payment of medical benefits as well as "regular" compensation benefits.[4] Defendant contends that the two-year-back rule bars the payment of all forms of compensation and that the WCAB had no authority to distinguish between medical payments and other forms of compensation under the act.

Before the amendments of 1980 PA 357, § 381(2) provided:

> Whenever *weekly payments* are due an injured employee under this act, such payments shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed application for hearing with the bureau. [Emphasis added.]

Effective January 1, 1982, § 381(2) read as follows:

---

[4] The WCAB held with regard to medical benefits:

> [T]he application of the two-year back rule, MCL 418.381(2) [MSA 17.237(381)(2)], bars weekly benefits but not medical benefits for any period prior to January 22, 1978, plaintiff having filed his first Petition for Hearing on January 22, 1980.

> If *any compensation* is sought under this act, payment shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed application for hearing with the bureau. [Emphasis added.]

Section 381(3) is not directly involved in this case, but it limits the payment for "nursing or attendant care" to a one-year-back period.

The language of the amended statute, "any compensation," is broadly inclusive. Chapter 3 of the act, entitled "Compensation," provides for both weekly benefits and medical care. The Legislature replaced "weekly payments" with "any compensation." This language provides that the limitation applies to any compensation under the act. Additionally, the fact that certain types of compensation were carved out for specific attention in § 381(3) suggests that § 381(2) is broadly inclusive.[5]

There is nothing in the statute that suggests that the Legislature intended "any compensation" in the two-year-back rule of § 381(2) to be limited to weekly compensation payments that were designed to replace earnings. Consequently, the WCAB erred in ordering defendant to pay plaintiff's medical costs incurred more than two years before the date plaintiff petitioned for benefits.

Reversed.

---

[5] This conclusion is supported by the Supreme Court's holding in *Dornbos v Bloch & Guggenheimer, Inc,* 326 Mich 626; 40 NW2d 749 (1950), that "compensation" encompasses all forms of payments (unless specifically excepted) that the act provides for. The expenses sought to be recovered in *Dornbos* included hospital and medical expenses. The plaintiff's claim for those expenses was found to be barred because of the plaintiff's failure to file the claim within the two-year period of limitation for filing a claim for compensation.