## RIZA v DELRAY BAKING COMPANY

Docket Nos. 143090, 143173. Submitted March 2, 1993, at Detroit. Decided June 8, 1993, at 9:45 A.M. Leave to appeal sought.

Halil Riza petitioned the Bureau of Workers' Disability Compensation in December 1981, seeking benefits for total and permanent disability. On December 5, 1984, Riza's wife petitioned for reimbursement pursuant to § 315 of the Workers' Disability Compensation Act, MCL 418.315; MSA 17.237(315), for healthcare services she had provided. Riza's employer, Delray Baking Company, its insurer, West American Insurance Company, and the Second Injury Fund contested the petitions. A magistrate denied the petition for benefits for total and permanent disability. The Workers' Compensation Appeal Board reversed the magistrate's denial of benefits, found the date of injury to be January 1, 1971, and ordered that benefits be paid from December 30, 1979, pursuant to the two-year-back provision. The appeal board further found that Riza required attendant care by his wife twenty-four hours a day and ordered payment of familial attendant-care benefits without any weekly hour limitation for the period from December 1, 1993, to July 30, 1985, but limited to fifty-six hours a week for all care rendered after July 30, 1985, the date that § 315 was amended to include the weekly hour limitation on compensable familial attendant care. Appeals were filed by Delray Baking and West American Insurance and by Riza. The appeals, concerning the proper application of the amendment limiting compensable hours of familial attendant care, were consolidated.

The Court of Appeals *held:*

1. The cases cited by the parties concerning the retroactive application, if any, of the provisions limiting the period before the filing of a petition for which benefits can be paid are not controlling with respect to the retroactive application, if any, of the provision at issue in this case that relates to the limitation of weekly compensable hours for familial attendant-care services.

2. The limitation of weekly compensable hours for familial

REFERENCES
Am Jur 2d, Workers' Compensation §§ 31, 459.
See ALR Index under Workers' Compensation.

attendant-care services is remedial in nature and should be given full retroactive effect. Accordingly, the appeal board erred in not restricting to fifty-six hours a week the compensable hours for such services for the benefit weeks that preceded July 30, 1985.

3. Because the appeal board's order clearly contemplated that the proper rate of pay for the attendant-care services that were rendered by Riza's wife should be determined either by an agreement of the parties or, if the parties are unable to agree, by a magistrate after consideration of the standard pay rate for nurses' aides or home health care providers, any decision by the Court of Appeals concerning the proper rate of pay would be premature.

Reversed and remanded.

WORKERS' COMPENSATION — HEALTH CARE PROVIDERS — FAMILIAL HEALTH CARE SERVICES — RETROACTIVITY.

   The weekly limitation on the number of compensable hours for familial attendant-care services that was added by the 1985 amendment of the Workers' Disability Compensation Act, being remedial in nature, should be given full retroactive effect (MCL 418.315[1]; MSA 17.237[315][1]).

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C. (by Granner S. Ries), for the plaintiff.*

*Conklin, Benham, Ducey, Listman & Chuhran, P.C. (by Martin L. Critchell), for Delray Baking Company and West American Insurance Company.*

Before: WAHLS, P.J., and WEAVER and CORRIGAN, JJ.

PER CURIAM. These consolidated cases arise from an order of the Workers' Compensation Appeal Board reversing a magistrate's decision denying total and permanent disability benefits to plaintiff for his psychiatric disability.

We reverse and remand because the appeal board has erred in failing to apply to the entire reimbursement period the weekly hour limitation on the reimbursement for attendant health care

by a family member of § 315 of the Workers'
Disability Compensation Act, MCL 418.315; MSA
17.237(315).

Plaintiff's petition for total and permanent dis-
ability benefits was filed on December 30, 1981.
His wife filed a separate petition on December 5,
1984, seeking reimbursement for spousal "services
and attendance" pursuant to § 315.

The appeal board granted plaintiff total and
permanent disability benefits for incurable insan-
ity on the basis of an injury date of January 1,
1971, but ruled that payments would be subject to
the two-year-back rule provisions of § 381(2), MCL
418.381(2); MSA 17.237(381)(2). Thus, differential
payments would not commence before December
30, 1979, two years before the filing date of plain-
tiff's petition.

The only issues before this Court relate to the
appeal board's order regarding attendant and
nursing care. The appeal board held that plaintiff
required attendant care from his wife twenty-four
hours a day, but that after July 30, 1985, the
effective date of the reimbursement provision for
attendant and nursing care, reimbursement was
limited to fifty-six hours a week. The appeal board
found no limitation on hours with respect to
spousal attendant care provided between Decem-
ber 1, 1983, one year and four days back from the
filing of the petition for reimbursement, and July
30, 1985, the effective date of the amendment of
§ 315(1).

The appeal board's order provided that the rate
of reimbursement "shall be determined by the
parties in accordance with the provisions of
§ 315(2), taking into consideration the standard
rates for nurses' aides or home health care provi-
ders in the area." The parties were directed to
return to the Board of Magistrates if they were

unable to agree on the proper rate of reimbursement.

In their appeal, defendants argue that the appeal board erred in failing to apply the weekly hour limit of § 315(1) to attendant or nursing care given before the effective date of the addition of that statutory limitation, because the language of the statute itself clearly and unambiguously limits the power to award such benefits.

The second sentence of § 315(1), added by 1985 PA 103, effective July 30, 1985, reads:

> Attendant or nursing care *shall not be ordered* in excess of 56 hours per week if such care is to be provided by the employee's spouse, brother, sister, child, parent, or any combination of these persons. [Emphasis added.]

Defendants, emphasizing the words "shall not be ordered," argue that the appeal board exceeded its authority by ordering reimbursement for personal attendant and nursing care in excess of fifty-six hours a week, even though the time in which the services were rendered preceded the effective date of the amendatory statute.

In his appeal, plaintiff argues that the appeal board erred in applying the weekly hour limitation added to § 315(1), effective July 30, 1985, because that statutory provision did not exist at the time of his injury in 1971. He contends that the subsequent statutory amendment limiting reimbursement for personal attendant or nursing care to fifty-six hours a week does not apply to any claim for reimbursement for care rendered to him.

The proper construction of the second sentence of § 315(1), insofar as it concerns its retroactive application, if any, is an issue of first impression. The parties have cited cases construing both the

two-year-back rule and the one-year-back rule, found in MCL 418.381(2) and (3); MSA 17.237(381) (2) and (3). This panel finds that the cases construing § 381 are not controlling authority under Administrative Orders No. 1990-6, 436 Mich lxxxiv, and No. 1992-8, 441 Mich lii, with respect to the construction of § 315. Further, plaintiff has not argued that the appeal board erroneously applied the limitations in subsections 2 and 3 of § 381 in this case. Nevertheless, consideration of the history and case law pertaining to the one-year-back rule and two-year-back rule is helpful to the proper determination of the retroactivity issue involved in the weekly hour limitation of § 315(1).

Further, another one-year-back rule appears in MCL 418.833(1); MSA 17.237(833)(1). It provides that if payment of compensation is made, "other than medical expenses," and an application for "further compensation" is later filed with the bureau, then no compensation shall be ordered for any period that is more than one year before the date of the filing of such application. In *Filion v Art Himbault Trucking Co,* 103 Mich App 471; 302 NW2d 892 (1981), this Court held that the one-year-back rule in § 833(1) did not apply to an initial proceeding for nursing care benefits. The Legislature responded with statutory amendments, effective July 30, 1985, that related specifically to medical care. Section 315 relates to an employer's duty to furnish medical care, and 1985 PA 103 added the second sentence, quoted above, limiting reimbursement for attendant or nursing care to fifty-six hours a week if provided by the employee's family. Because that amendment appears to be a response to this Court's decision in the *Filion* case, it should be viewed as remedial legislation.

Similarly, the same 1985 statute that added the fifty-six-hour limitation to subsection 1 of § 315,

also amended subsection 3 of § 381, and added a one-year-back rule for nursing or attendant care. The amended subsection 3 reads:

> Payment for nursing or attendant care *shall not be made* for any period which is more than 1 year before the date an application for a hearing is filed with the bureau. [Emphasis added.]

Although the appeal board did not cite § 381(3), apparently it did intend to apply that limitation, because it limited reimbursement for attendant or nursing services to services rendered on or after "December 1, 1983." We presume this was a typographical error, because December 5, 1983 would have been exactly one year before the filing of the petition for reimbursement for spousal attendant and nursing services.

Section 381(2) contains the two-year-back rule. It reads:

> Except as provided in subsection (3), if any compensation is sought under this act, payment shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed an application for a hearing with the bureau.

In *Kapala v Orville Frank Roofing Co*, 172 Mich App 724; 432 NW2d 417 (1988), this Court held that the two-year-back rule in § 381(2) was retroactive and barred the plaintiff's recovery of benefits for any period of time earlier than two years immediately preceding the date that the plaintiff filed an application for a hearing with the bureau, even though plaintiff's claim for the death of her husband was filed on June 4, 1979, before the January 1, 1982, effective date of the amendment

of § 381(2) that expanded its application from "weekly benefits" to "any compensation."

The similarity between the key language, in terms of time of application, in subsections 2 and 3 of § 381 is obvious. Subsection 2 states, in pertinent part, that "payment shall not be made" for any period of time earlier than two years immediately preceding the date on which the employee filed an application for a hearing with the bureau, and subsection 3 states, that [p]ayment for nursing or attendant care shall not be made" for any period that is more than one year before the date an application for a hearing is filed with the bureau. The language emphatically prohibits payment for more than a specific short period of time before an application is filed. Defendants convincingly argue that the language in § 315(1) that states, "[a]ttendant or nursing care shall not be ordered" in excess of fifty-six hours a week if provided by family members is also intended to prohibit the entry of any order entered after the amendment took effect, July 30, 1985, that required payment in excess of fifty-six hours a week, regardless of the time when the services were actually performed.

We reject as unpersuasive plaintiff's argument that the weekly limitation added to § 315(1), should not be applied retroactively at all because his injury date was in 1971 and the workers' compensation law is generally considered humanitarian and remedial. An employer should not be deprived of the benefit of retroactive application of a statutory amendment where the Legislature plainly intended to reduce the burden on the employer with regard to the payment of lifetime attendant or custodial care.

In *Lahti v Fosterling*, 357 Mich 578; 99 NW2d 490 (1959), the Supreme Court held that amend-

ments of this same § 315, relating to medical benefits, were retroactive. Although the amendments construed in that case benefited the employee, it would be inherently inconsistent and unjust to hold that an employer has no right to apply amendments retroactively, but that an employee does. In the *Lahti* case, the Supreme Court concluded that an amendment of the act, effective in 1955, conferred discretion to order payment of the cost of medical, surgical, and hospital services and of medicines for a longer period of time than under the former act. The Supreme Court concluded that the amendment did not afford the employee a new cause of action, but merely expanded the effective remedies. The appeal board found that the Legislature intended the amendment to be applicable to an existing award entered before the effective date of the amendment and intended to allow, upon proper application and proofs, additional medical benefits even though all previous benefit periods had been exhausted. The Court stated:

> The question of determining what is a vested right has always been a source of much difficulty to all courts. The right which defendants claim sprang from the kindness and grace of the legislature. It is the general rule that *that which the legislature gives, it may take away.* A statutory defense, or *a statutory right, though a valuable right, is not a vested right,* and a holder thereof may be deprived of it. [*Id.* at 588-589; emphasis added.]

In concluding that defendants' principal argument has merit and that plaintiff's does not, we have considered both *Franklin v Ford Motor Co*, 197 Mich App 367; 495 NW2d 802 (1992), and *Ivezaj v Federal Mogul Corp (On Remand),* 197

Mich App 462; 495 NW2d 800 (1992). The *Franklin* case held that the two-year-back rule in § 381(2) did apply retroactively to the payment of medical benefits as well as weekly compensation benefits. In reaching that result, reliance was placed on *Kapala v Orville Frank Roofing Co, supra,* and *Lahti v Fosterling, supra.*

The *Franklin* case was published just before the opinion in the *Ivezaj* case. *Ivezaj* held that the one-year-back rule in § 381(3) was not remedial legislation and was not to be applied retroactively. It failed to discuss *Lahti, Kapala,* and *Franklin, supra.*[1] The holding in *Ivezaj* relative to the retroactivity of § 381(3) is questionable. In construing the weekly hour limitation of § 315(1), we find the rationale and rulings in *Lahti, Kapala,* and *Franklin* more persuasive than the reasoning of *Ivezaj.* Because these cases construed provisions of § 381, whereas this case involved construction of a provision in § 315, we are not bound to follow *Ivezaj.*

Defendants also argue that the dollar valuation of the attendant or nursing care provided by plaintiff's wife was erroneous. They say that the appeal board ruled without any evidence that the proper value of the services was the rate of pay of a nurse's aide. The record did not establish that plaintiff's wife was a trained nurse's aide or was providing the services of a nurse's aide.

The appeal board held that the "primary task for which the spouse herein qualifies for attendance care" is monitoring plaintiff's activities. She must be on the alert at all times to guard against

[1] We also observe that two members of this panel signed the opinion in *Baker v Ford Motor Co,* unpublished opinion per curiam of the Court of Appeals, decided February 3, 1993 (Docket No. 136330), that, relying on *Kapala,* held that the one-year-back rule in § 381(3) should be applied retroactively to the attendant-care payments ordered in that case and stating that the Legislature's intent in adding subsection 3 was remedial in nature.

plaintiff's tendency toward violent outbursts toward the children and to control his nighttime emotional outbursts that rob him of sleep. The board found that the testimony established that her activities amounted to more than the mere performance of ordinary household tasks that do not qualify as attendant care. The board noted that although certain testimony suggested that plaintiff no longer needed constant feeding or bathing, the thrust of one doctor's testimony was that Mrs. Riza still had to insure that plaintiff carried out his daily hygiene.

If the rate of pay for an attendant is less than that for a nurse's aide, defendants' argument may have merit. However, the appeal board's order provides that the rate of reimbursement shall be determined by the parties, taking into consideration the standard rate for nurses' aides or home health care providers in the area, and that if the parties are unable to agree on the proper rate, they shall return to the Board of Magistrates for a determination of such rate. To find error with regard to the valuation of the services of plaintiff's wife on this record would be premature. The appeal board has indicated that Mrs. Riza may be compensated at the standard rate for either nurses' aides or home health care providers in the area and that if the parties cannot agree they can return to the Board of Magistrates for a determination of that rate. The relevant facts are not well-developed in the record. Moreover, defendants can seek and obtain further administrative review if the parties cannot agree. Our decision of this issue would be premature.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.