MACKINAC BRIDGE AUTHORITY v SILICOSIS, DUST DISEASE,
AND LOGGING INDUSTRY COMPENSATION FUND

Docket No. 167449. Submitted November 16, 1994, at Grand Rapids.
    Decided January 18, 1995, at 9:15 A.M.

   A worker's compensation magistrate determined that Frank E.
   Nichols was suffering from a dust disease within the meaning
   of § 531 of the Worker's Disability Compensation Act, MCL
   418.531; MSA 17.237(531), and ordered that the Silicosis, Dust
   Disease, and Logging Industry Compensation Fund (Silicosis
   Fund) reimburse Nichols' employer, Mackinac Bridge Author-
   ity, and its insurance carrier, Accident Fund of Michigan, all
   sums paid in excess of $12,500, except for those payments
   excluded by statute from the reimbursement requirement. The
   Silicosis Fund reimbursed the insurance carrier the accrued
   compensation in excess of $12,500, but it refused to reimburse
   the carrier the interest awarded on the reimbursed amount. On
   the date of the magistrate's order in 1988, § 531 excluded from
   the reimbursement requirement, among other things, payments
   made pursuant to subsections 2, 4, and 5 of § 801 of the
   Worker's Disability Compensation Act, MCL 418.801(2), (4), and
   (5); MSA 17.237(801)(2), (4), and (5). Before 1985, § 801(5) had
   provided that interest should be awarded on past due benefits
   paid pursuant to the order of a hearing referee. Accordingly,
   § 531(1) had the effect of excluding unpaid interest from the
   reimbursement requirement. In 1985, a new subsection was
   added to § 801 as subsection 3, causing the former subsections 4
   and 5 to be renumbered as subsections 5 and 6, respectively;
   however, § 531(1) was not amended to reflect the new number-
   ing scheme. The employer and its insurance carrier argued that
   because § 531(1) did not refer to § 801(6), which now contained
   the unpaid interest provision, § 531(1) did not have the effect of
   excluding such interest from the reimbursement requirement.
   The Silicosis Fund argued that the failure to amend § 531(1) to
   conform to the amended numbering of § 801 after its 1985
   amendment was an oversight or clerical error and that it was
   not the intent of the Legislature to require the Silicosis Fund to
   reimburse interest payments. The magistrate, while finding the
   Silicosis Fund's arguments compelling, nevertheless found the
   statutory scheme to be unambiguous and thus not subject to

judicial interpretation. The Worker's Compensation Appellate Commission affirmed. The Silicosis Fund appealed by leave granted.

The Court of Appeals *held:*

The Legislature corrected the mismatch between § 531 and § 801 by its passage of 1994 PA 97, which was filed with the Secretary of State on April 13, 1994, and was ordered to take immediate effect. Although the Legislature did not express an intent that the amendment was to be retroactive, retroactive application of the amendment is appropriate because the Legislature's intent was to correct an oversight and to prevent unintended reimbursements as a result of that oversight.

Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Michael J. Gillman,* Special Assistant Attorney General, for Mackinac Bridge Authority and Accident Fund of Michigan.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Rose A. Houk,* Assistant Attorney General, for Silicosis, Dust Disease, and Logging Industry Compensation Fund.

Before: NEFF, P.J., and MACKENZIE and J. R. CHYLINSKI,* JJ.

PER CURIAM. The Silicosis, Dust Disease, and Logging Industry Compensation Fund (Silicosis Fund) appeals by leave granted the July 28, 1993, order of the Worker's Compensation Appellate Commission, which affirmed the magistrate's decision ordering the Silicosis Fund to reimburse the employer's carrier, Accident Fund of Michigan, for both weekly benefits payable to plaintiff and the accrued interest on unpaid benefits. We reverse.

I

A magistrate found plaintiff to be suffering from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a dust disease within the meaning of § 531 of the Worker's Disability Compensation Act, MCL 418.531; MSA 17.237(531). The Silicosis Fund is required by § 531(1) to reimburse the carrier for all sums paid in excess of $12,500, excluding payments made pursuant to particular sections of the act. Although the Silicosis Fund reimbursed the carrier the accrued compensation in excess of $12,500, it refused to reimburse the carrier the interest awarded on the reimbursed amount.

The dispute was submitted to a magistrate for a decision on briefs alone. Section 531 excludes from reimbursement any payments made pursuant to certain sections: § 315, MCL 418.315; MSA 17.237(315), regarding medical care, § 319, MCL 418.319; MSA 17.237(319), regarding medical or occupational rehabilitation, § 345, MCL 418.245; MSA 17.237(345), regarding funeral expenses, and three subsections of § 801, MCL 418.801; MSA 17.237(801). Before 1985, § 801(2) provided for a penalty in case weekly compensation benefits are not timely paid. Subsection 4 provided that an employer who had notice or knowledge of a disability or death and failed to give notice to the carrier would have to pay the late penalty until such time as it gave notice. Subsection 5 provided that interest should be awarded at the rate of twelve percent per annum on past due benefits paid pursuant to the order of a hearing referee. Section 531(1) excluded from the Silicosis Fund's reimbursement liability any payments made pursuant to these subsections, including interest on unpaid benefits mandated by § 801(5).

In 1985, § 801 was amended to include a new subsection 3 that mandated a penalty for unpaid medical bills or travel allowances. As a result, the remaining provisions were renumbered, and the interest provision that was formerly subsection 5

became subsection 6.[1] No corresponding amendment was made to § 531(1). Therefore, as a result of renumbering, § 531(1) no longer referred to the interest provision of § 801.

The magistrate summarized the arguments of the parties and resolved them as follows:

> The Accident Fund argues that the sections should be read literally and applied as found at the time the obligation to make payment arose.
>
> The [Silicosis] Fund argues that the failure to conform § 531 to newly amended § 801 was merely an oversight and/or clerical error. It was not the intent of the Legislature, according to the Fund, to change the prior law so as to require reimbursement for interest payments.
>
> The Fund's arguments are compelling. The amendments to and renumbering of § 801 without a corresponding amendment to § 531 results, if the sections are read literally, in the exclusion from reimbursement of payments made pursuant to § 801(4). Section 801(4), however, does not refer to any payments. It excludes certain penalty payments as elements of loss for ratemaking purposes. The sections, then, if read literally, do not make sense.
>
> On the other hand, the question arises as to how far a judicial officer may go to correct the errors, omissions or oversights of the Legislature in the drafting of legislation. In this case, the subtleties of language are not at issue. There is no ambiguous language to be interpreted so as to give effect to legislative intent. It is a cardinal rule of statutory construction that courts may not speculate as to the probable intent of the Legislature beyond the words employed in a statute. When the language of the statute is clear and unambiguous, the statute must be applied and not interpreted. *Pi-Con [Inc] v [AJ] Anderson Construction [Co]*, 169 Mich App 389 [425 NW2d 563] (1988).

---

[1] The amendment also reduced the interest rate to ten percent.

> In order to reach the statutory interpretation urged by the Fund, § 531 must be not merely interpreted but judicially amended. Its reference to § 801 must be amended in order to restore the reference to interest payments and to include penalty payments for medical bills. Amendment rather than interpretation of legislation is the prerogative and responsibility of the Legislature. Magistrates are not empowered by either statute or custom to rewrite the Act even if it is to achieve a goal the Legislature would have intended.

The magistrate ordered the Silicosis Fund to reimburse the carrier the interest payments made on the principal sum in excess of the initial $12,500.

The Silicosis Fund appealed, and, in a two-to-one decision, the WCAC affirmed. Two commissioners adopted the magistrate's analysis as their own. The dissenting commissioner would have held that as a result of the 1985 amendment of § 801, the act as a whole is ambiguous. Because the primary rule of statutory interpretation is to determine and to effectuate the Legislature's intent, the dissenter would interpret § 531(1) to include present § 801(6) (interest) and to exclude present § 801(4) (which involves rate-making).

This Court granted the Silicosis Fund's application for leave to appeal, and we now reverse.

II

1994 PA 97, filed on April 13, 1994, and ordered to take immediate effect, corrects the mismatch between §§ 531 and 801 caused by the 1985 amendment of § 801. Section 531(1) now excludes reimbursement for payments made pursuant to § 801(2), (5), and (6). Therefore, interest payments are once again not reimbursed by the Silicosis Fund.

The general rule in worker's compensation cases requires application of the law in effect at the time of the relevant injury unless the Legislature clearly indicates a contrary intention. *Nicholson v Lansing Bd of Ed,* 423 Mich 89, 93; 377 NW2d 292 (1985). This rule is not without exceptions, however. One recognized exception requires retroactive application of remedial legislation. This exception was invoked in *Riza v Delray Baking Co,* 200 Mich App 169; 504 NW2d 193 (1993), which involved an amendment limiting the number of compensable hours of nursing or attendant care where such care is provided by an employee's spouse or other relatives. Although the Legislature did not expressly make the amendment retroactive, this Court found that the circumstances warranted the inference that the Legislature intended the amendment to have retroactive effect:

> We reject as unpersuasive plaintiff's argument that the weekly limitation added to § 315(1), should not be applied retroactively at all because his injury date was in 1971 and the workers' compensation law is generally considered humanitarian and remedial. An employer should not be deprived of the benefit of retroactive application of a statutory amendment where the Legislature plainly intended to reduce the burden on the employer with regard to the payment of lifetime attendant or custodial care. [*Id.* at 175.]

We believe that the same analysis should be applied in this case. The carrier's claim for reimbursement of interest payments is based not on a past substantive decision by the Legislature, but rather on the Legislature's oversight in failing to amend § 531 at the same time that it amended § 801 in 1985. Because the recent amendment of § 531 clearly was meant to remedy the past error,

we hold that the Silicosis Fund should have the benefit of the amendment under circumstances where the Legislature clearly intended to benefit the Silicosis Fund, or rather to prevent unintended reimbursements by the Silicosis Fund as a result of the past drafting error.

Reversed.