KOSIEL v ARROW LIQUORS CORPORATION (ON REMAND)

Docket No. 179927. Submitted November 4, 1994, at Lansing. Decided June 23, 1995, at 9:00 A.M. Leave to appeal sought.

Doris Kosiel sustained a work-related injury in 1956 in the course of employment with Arrow Liquors Corporation. In 1967, a hearing referee at the Bureau of Worker's Disability Compensation found Kosiel to be totally and permanently disabled and awarded her benefits, including $5 a day for nursing care provided by her husband from and after June 27, 1967. In 1982, Kosiel petitioned for an increase in nursing care benefits. The referee ordered that Kosiel's husband be paid for eight hours of care a day, seven days a week, at the prevailing wage of a nurse's aide. The parties appealed to the Worker's Compensation Appeal Board, but subsequently agreed to arbitration. In 1989, the arbitrator ordered nursing care benefits payable from September 28, 1968, for twelve hours a day, seven days a week, at a rate equal to the hourly wage of an entry level nurse's aide to be determined by the bureau for each year after September 28, 1968. The arbitrator denied Kosiel's claim for interest on the unpaid benefits. The Court of Appeals, SULLI-VAN, P.J., and WAHLS and BRENNAN, JJ., reversed in an unpublished opinion per curiam, decided March 31, 1993 (Docket No. 121210), holding that modification of the original award of nursing care benefits was barred by res judicata. The Supreme Court reversed with respect to the issue of res judicata and remanded the case to the Court of Appeals for consideration of the propriety of the increase and retroactive nature of nursing care benefits, as well as Kosiel's claim for interest. 446 Mich 374 (1994).

On remand, the Court of Appeals *held:*

1. The one-year-back rule of MCL 418.833(1); MSA 17.237(833)(1) does not apply to payments of medical expenses, which include payments of nursing care benefits.

2. MCL 418.381(3); MSA 17.237(381)(3), as amended by 1985 PA 103, effective July 30, 1985, which limits payment of nursing care to no more than one year before the date of an

REFERENCES

Am Jur 2d, Workers' Compensation §§ 439, 640, 652.
See ALR Index under Workers' Compensation.

application for a hearing in the bureau, applies prospectively and therefore does not apply to this case.

3. MCL 418.381(2); MSA 17.237(381)(2), which provides that payment of compensation sought under the worker's compensation act shall not be paid for any period earlier than two years before the date of an application for a hearing in the bureau, applies to the payment of medical benefits. The arbitrator erred in failing to order that the increase in nursing care benefits be retroactive to July 1, 1980, two years before Kosiel's petition for an increase of those benefits.

4. MCL 418.315(1); MSA 17.237(315)(1), as amended by 1985 PA 103, limits benefits for nursing care provided by a spouse to no more than fifty-six hours a week and has full retroactive effect. The arbitrator erred in not limiting Kosiel's nursing care benefits to fifty-six hours a week.

5. A worker's compensation claimant is not entitled to interest on reimbursement of medical expenses.

Remanded for correction of award of nursing care benefits.

1. WORKER'S COMPENSATION — NURSING CARE BENEFITS — RETROAC-
   TIVE AWARDS.
   A retroactive award of nursing care benefits after an application for a hearing filed in the Bureau of Worker's Disability Compensation before July 30, 1985, is limited to periods no earlier than two years before the date of the application (MCL 418.381[2]; MSA 17.237[381][2]).

2. WORKER'S COMPENSATION — NURSING CARE BENEFITS — SPOUSES.
   Benefits for nursing care provided by a spouse may not be awarded in excess of fifty-six hours of care a week (MCL 418.315[1]; MSA 17.237[315][1]).

3. WORKER'S COMPENSATION — MEDICAL EXPENSES — INTEREST.
   A worker's compensation claimant is not entitled to interest on reimbursement of medical expenses.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Donald W. Loria*), for the plaintiff.

*LeVasseur, Leslie & Johnson, P.C.* (by *Richard B. Leslie*), for the defendants.

### ON REMAND

Before: WAHLS, P.J., and NEFF and BRENNAN, JJ.

PER CURIAM. This matter is before this Court again by remand from the Michigan Supreme Court.

The facts and procedural history were succinctly stated by the Supreme Court as follows:

In 1956, while working as a scrub woman for defendant Arrow Liquors Corporation, plaintiff Doris Kosiel was struck by a truck and received a crushing injury to her lower right extremity. Worker's compensation was paid.

In 1967, following the filing of a petition, a hearing referee ruled that plaintiff was entitled to 215 weeks of compensation for loss of the industrial use of her right leg. The referee also found plaintiff to be incurably insane, that this condition was related to her injury, and that she was totally and permanently disabled. The referee's award, subsequently affirmed by the Worker's Compensation Appeal Board, included the following paragraph:

"It is further ordered that Defendant Arrow Liqueurs [sic] Corporation and Michigan Mutual Liability Company compensate plaintiff's husband, Theodore Kosiel, for nursing care rendered by him at the rate of $5.00 per day from and after June 27, 1967, *until the further order of the Department.* [Emphasis added.]"

In 1982, plaintiff petitioned for an increase in the rate of compensation for nursing care. Following a hearing, a referee ordered that plaintiff's husband be compensated for eight hours of care per day, seven days a week, at the prevailing wage rate of a nurse's aide. Both parties appealed to the WCAB, but subsequently agreed to arbitration in lieu thereof as permitted by § 864 of the WDCA. In an opinion dated July 28, 1989, the arbitrator modified the award, increasing the number of hours for which plaintiff's spouse was to be compensated from eight to twelve hours per day, seven days per week. The award was made payable from September 28, 1968, at a rate equal to the hourly

pay of an entry level nurse's aide, the rate to be determined by the bureau for each year after September 28, 1968. Plaintiff's claim for interest on unpaid benefits was denied. [*Kosiel v Arrow Liquors Corp*, 446 Mich 374, 376-377; 521 NW2d 531 (1994).]

Following the arbitrator's decision, defendants appealed by leave and plaintiff filed a cross appeal regarding the denial of interest. In an unpublished opinion per curiam, decided March 31, 1993 (Docket No. 121210), this Court held that res judicata barred plaintiff's request for an increase in nursing care benefits.

The Supreme Court subsequently reversed that decision, holding that the earlier order of the referee upon which defendants relied was not a "final order" for purposes of res judicata. The Court also remanded the case to us for consideration of the additional issues raised by defendants in challenging the increase in the number of hours for nursing care and the retroactive application of the increased compensation rate for nursing care to September 28, 1968, and the issue raised by plaintiff in her cross appeal regarding the denial of interest.

Defendants first contend that the arbitrator erred in refusing to apply the one-year-back rule contained in MCL 418.833(1); MSA 17.237(833)(1) to limit the retroactive increase in nursing care benefits. We disagree.

MCL 418.833(1); MSA 17.237(833)(1) provides:

If payment of compensation is made, other than medical expenses, and an application for further compensation is later filed with the Bureau, no compensation shall be ordered for any period which is more than one year prior to the date of filing such application.

In refusing to apply the statutory limitation, the arbitrator relied upon *Filion v Art Himbault Trucking Co,* 103 Mich App 471; 302 NW2d 892 (1981), where this Court held that the one-year-back rule did not apply to an initial proceeding for nursing care benefits.

Admittedly, the arbitrator's reliance upon *Filion* was misplaced because plaintiff's petition was not an initial request for nursing care benefits, but instead was one seeking an increase in those benefits. Regardless, we believe that the nursing care benefits are "medical expenses" that are exempt from MCL 418.833(1); MSA 17.237(833)(1).[1] In making this finding, we point out that § 315 of the Worker's Disability Compensation Act, MCL 418.315; MSA 17.237(315), provides that a worker is entitled to all reasonable and necessary medical care, including nursing care. Thus, it can be construed from this provision that nursing care is a medical expense. Therefore, the arbitrator did not err in refusing to apply the one-year-back rule of § 833.

Defendants additionally argue that the arbitrator erred in refusing to limit the increase in nursing care benefits in accordance with MCL 418.381; MSA 17.237(381).

At the time plaintiff's petition was filed, MCL 418.381; MSA 17.237(381) provided, in part:

> (2) If any compensation is sought under this act, payment shall not be made for any period of time earlier than 2 years immediately preceding the date on which the employee filed application for hearing with the bureau.

MCL 418.381; MSA 17.237(381) was subsequently amended by 1985 PA 103, which added a new

---

[1] We note that this particular issue was not presented to this Court in *Filion.*

subsection limiting the retroactive application of nursing care benefits:[2]

> (3) Payment for nursing or attendant care shall not be made for any period which is more than one year before the date an application for a hearing is filed with the bureau.

Because this Court has held that the amendment should not be applied retroactively, *Ivezaj v Federal Mogul Corp (On Remand)*, 197 Mich App 462, 465; 495 NW2d 800 (1992), this one-year-back rule does not limit the increase in the nursing care benefits.

However, we agree with defendants that the two-year-back rule contained in subsection 2 of MCL 418.381; MSA 17.237(381) is applicable:

> Except as provided in subsection (3), if any compensation is sought under this act, payment shall not be made for any period of time earlier than two years immediately preceding the date on which the employee filed an application for a hearing with the bureau.

In *Franklin v Ford Motor Co*, 197 Mich App 367, 370-371; 495 NW2d 802 (1992), this Court held that the two-year-back rule applies to the payment of medical benefits, as well as regular compensation benefits. Therefore, the arbitrator erred in failing to limit the increase in nursing care benefits to two years preceding plaintiff's petition.

Defendants further claim that the arbitrator erred in increasing the number of hours for which plaintiff's spouse was to be compensated from fifty-six hours a week to eighty-four hours a week. We agree. The second sentence of MCL 418.315(1); MSA 17.237(315)(1) provides:

---

[2] This amendment became effective July 30, 1985.

Attendant or nursing care shall not be ordered in excess of 56 hours per week if such care is to be provided by the employee's spouse, brother, sister, child, parent, or any combination of these persons.

Although this sentence was also added by 1985 PA 103 after plaintiff's petition was filed, this Court has held that the amendment should be given full retroactive effect. *Riza v Delray Baking Co,* 200 Mich App 169; 504 NW2d 193 (1993), lv gtd 448 Mich 852 (1995). Therefore, the arbitrator erred in allowing up to eighty-four hours of nursing care benefits a week.

Lastly, plaintiff contends in her cross appeal that the arbitrator erred in failing to award interest on the nursing care benefits. We disagree. A worker's compensation claimant is not entitled to interest on reimbursement of medical expenses. *Costa v Chrysler Corp,* 152 Mich App 530, 536; 394 NW2d 6 (1986); *Brown v Eller Outdoor Advertising Co,* 139 Mich App 7; 360 NW2d 322 (1984).

Accordingly, the nursing care award should be limited to fifty-six hours a week and commence on July 1, 1980, two years before the application was filed. This matter is remanded for correction of the award in accordance with this opinion. We do not retain jurisdiction.

Brennan, J., did not participate.